341 So.2d 3 (1976)
STATE of Louisiana
v.
George L. JONES.
No. 58483.
Supreme Court of Louisiana.
December 22, 1976.
Bert M. Cass, Jr., Deutsch, Kerrigan & Stiles, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Alan P. Dussouy, Asst. Dist. Attys., for plaintiff-appellee.
PER CURIAM.
George L. Jones was indicted by the grand jury for the Parish of Orleans with first degree murder in violation of La.R.S. 14:30. After trial by jury, defendant was found guilty of second degree murder and sentenced to life imprisonment without benefit of parole, probation or suspension of sentence. On appeal, defendant relies on two assignments of error for reversal of his conviction and sentence. We have carefully reviewed these assignments of error and find them to be without merit.
However, we note,ex proprio motu, under the authority of La.Code Crim.P. art. 920(2), that the sentence imposed is illegal. Minute entry of August 8, 1975 shows:
Defense filed Motion for New Trial. Motion denied. Defendant sentenced to serve the rest of his natural life in the custody of the Director of the Department of Corrections without benefit of parole, probation, or suspension of sentence. *4 Defense gave oral notice of appeal.
Defendant was found guilty of second degree murder. The penalty for second degree murder (La.R.S. 14:30.1) provides that whoever commits the crime of second degree murder shall be imprisoned at hard labor for life and shall not be eligible for parole, probation or suspension of sentence for a period of twenty years. The sentence imposed herein renders defendant ineligible for parole, probation or suspension of sentence for the rest of his natural life rather than for twenty years, as provided in the statute. Secondly, La.Code Crim.P. art. 873 provides that, if a motion for a new trial is filed, sentence shall not be imposed until at least twenty-four hours after the motion is overruled. However, if defendant expressly waives the delay provided for in the article, sentence may be imposed immediately. In the instant case, according to the minute entry, defendant's motion for a new trial was overruled and sentence was imposed on the same day; there is no showing that defendant expressly waived the required statutory delay. Additionally, the minutes of the trial proceeding fail to show that the trial judge, in imposing sentence, gave defendant credit toward service of his sentence for time spent in actual custody, if any, prior to the imposition of sentence. Such an allowance of credit is mandatory. La.Code Crim.P. art. 880.
Accordingly, the conviction is affirmed. However, the sentence imposed is vacated and set aside and the matter is remanded to the district court for resentencing in accordance with law.