427 So.2d 855 (1983)
STATE of Louisiana
v.
Floyd Lance LABURE.
No. 82-KA-0578.
Supreme Court of Louisiana.
February 23, 1983.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., William E. Tilley, Dist. Atty., for plaintiff-appellee.
C. Allen Bradley, Jr., DeRidder, for defendant-appellant.
WATSON, Justice.
Floyd Lance Labure pled guilty to one count of simple burglary. LSA-R.S. 14:62.[1] *856 His six year sentence at hard labor was suspended except for time served prior to sentencing.[2] Labure was placed on five years supervised probation with the following conditions:
(1) All general conditions of probation in LSA-C.Cr.P. art. 895;
(2) Three hundred additional days in the parish jail with possible participation in a work release program;
(3) Restitution of $900 to Bobby Benson (with credit to be given for any payments by the three co-defendants);
(4) Restitution of $2,000 to Ira Love;
(5) A fine of $750 plus court costs; and
(6) A 9:00 P.M. curfew.

FACTS
Defendant Labure, age twenty, was charged, together with Robert J. Mayo, Chris Jett and David Cryer, with simple burglary of the residence of Bobby Benson on January 5, 1981.[3] Labure admitted participating in stealing two rifles and two shotguns.
Labure had also been charged with illegal possession of stolen things valued at over $500, and two counts of theft of over $100 in connection with a burglary of the Ira Love residence. In return for his plea of guilty to the Benson burglary, the charges associated with the Love crime were dismissed.

ASSIGNMENT OF ERROR NUMBER ONE
Labure contends on appeal that his sentence is excessive under LSA-Const. art. I, § 20.[4] It is argued that the three co-defendants were given disproportionately lenient sentences.
While the sentences of Jett, Cryer and Mayo are not identical to Labure's, the law does not require sentencing judges to treat co-defendants equally. State v. Rogers, 405 So.2d 829 (La., 1981). A sentence greater than one received by another defendant for the same crime does not render the sentence cruel and unusual. State v. Blue, 315 So.2d 281 (La., 1975). The trial court considered Labure's age, first offender status and the six months he had spent in jail when imposing sentence. Labure's sentence itself is not excessive nor is it grossly disproportionate.[5]
However, two conditions of Labure's probation are patently erroneous: the 9:00 P.M. curfew; and restitution to Ira Love. They appear on the face of the record. LSA-C.Cr.P. art. 920(2).
Under LSA-C.Cr.P. art. 895, a trial court may impose any specific condition of probation reasonably related to a defendant's rehabilitation. However, a condition so harsh that the probationer is destined for *857 failure serves no purpose. State v. Carey, 392 So.2d 443 (La., 1981). A 9:00 P.M. curfew for five years is an unrealistic condition for an adult. See Kominsky v. State, 330 So.2d 800 (Fla.App., 1976). "A 9 p.m. to 5 a.m. curfew is pretty strong medicine for a young woman [man] 25 [20] years of age with no previous record. It is doubtful in our view that such an iron-clad 7-day curfew for five years would have any rehabilitative effect upon the probationer, more likely we think the converse would be true...." People v. Peterson, 62 Mich. App. 258, 233 N.W.2d 250, 256 (Mich., 1975). Compare Salinas v. State, 514 S.W.2d 754 (Tex.Cr.App., 1974); Johnson v. State, 162 Ga.App. 226, 291 S.E.2d 94 (1982); and State v. Sprague, 52 Or.App. 1063, 629 P.2d 1326 (1981). The curfew here is not reasonably related to defendant's rehabilitation and must be set aside.
The second condition of defendant Labure's five year probation which is patently erroneous is restitution to Ira Love when defendant did not plead guilty to that offense and was not convicted of it. At the time of Labure's offense, January 5, 1981, LSA-C.Cr.P. art. 895.1 provided that:
"A. When a court suspends the imposition or the execution of a sentence and places the defendant on probation, it may, in its discretion, order placed, as a condition of probation, an amount of money to be paid by the defendant to any or all of the following: (1) to the victim in restitution to compensate for his loss and inconvenience, or (2) to the indigent defender program for that court."
LSA-C.Cr.P. art. 895 A(7), then and now, allows as a condition of probation that the defendant:
"(7) Make reasonable reparation or restitution to the aggrieved party for damage or loss caused by his offense in an amount to be determined by the court; ..."[6]
Defendant's probation arose from a guilty plea to burglary of Bobby Benson's residence. Charges stemming from the burglary of Ira Love's residence were dismissed as part of a plea bargain. Since Ira Love was not an "aggrieved party" or a "victim" in connection with the offense to which Labure pled guilty, restitution to Ira Love could not be required as a condition of Labure's probation.[7]
Since two conditions of Labure's probation are illegal, he must be resentenced. State v. Jones, 341 So.2d 3 (La., 1976).

DECREE
For the foregoing reasons, the conviction is affirmed. The sentence is set aside and the case is remanded for resentencing in accordance with the views expressed herein.
SENTENCE VACATED; CASE REMANDED.
DENNIS, J., concurs.
LEMMON, J., concurs and assigns reasons.
LEMMON, Justice, concurring.
I agree that the condition of probation requiring restitution for the Love burglary was improper in this particular case. That is not to say, however, that a trial judge can never impose a condition of probation requiring restitution for losses caused by the defendant's offenses other than the one for which the defendant is currently being sentenced.
*858 During the guilty plea colloquy in the present case, the trial judge inquired about defendant's involvement in the Love burglary. Defense counsel replied that while defendant denied participating in the burglary, he did admit a part in the sale of some of the items stolen from the Love residence. Therefore, since there was no factual basis for a conclusion that defendant participated in the burglary and there was no indication of the extent to which he participated in the sale of the stolen items, it was totally inappropriate for the trial judge to require restitution in the amount of $2,000 for the Love burglary as a condition of probation in the sentence involving the Benson burglary. This condition, in effect, required the defendant, as a condition of probation, to make restitution for losses from crimes which he was not shown to have committed and did not admit committing. Such a condition simply cannot be deemed "reasonably related to rehabilitation". La.C.Cr.P. Art. 895.
However, if the plea bargain struck between the prosecutor and the defendant and approved by the court had included an agreement that defendant would make restitution to Love in a fixed amount, then certainly defendant could not object on appeal to the inclusion of that agreement as a condition of probation. Moreover, if the record in the present proceeding had included some factual basis for a conclusion that defendant had participated in the Love burglary or had knowingly received proceeds from the sale of the stolen items, a strong argument could be made that requiring defendant to reimburse Love for a proportionate amount of the loss (to which defendant had significantly contributed) as a condition of probation would be "reasonably related to rehabilitation" from his course of criminal activity connected with burglaries.[1]
The holding of the present decision should be limited to the facts of this case. This decision does not necessarily hold that restitution for losses caused by other crimes (which were shown to have been committed by defendant) is never an appropriate condition of probation.
NOTES
[1] LSA-R.S. 14:62 provides:

"Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein, other than as set forth in Section 60.
"Whoever commits the crime of simple burglary shall be fined not more than two thousand dollars, imprisoned with or without hard labor for not more than twelve years, or both."
[2] Labure was in jail from August 16, 1981, when he was arrested for another burglary, until February 13, 1982, when he was sentenced.
[3] According to the presentence investigation report, this burglary actually occurred on January 12, 1981, and Labure was not involved in the January 5, 1981, burglary of the Benson residence. The original charge was a violation of LSA-R.S. 14:62.2 (simple burglary of an inhabited dwelling) but it is clear from the sentencing transcript that he pleaded guilty to simple burglary in violation of LSA-R.S. 14:62, with the agreement of the state.
[4] LSA-Const., Art. 1, § 20 provides:

"Section 20. No law shall subject any person to euthanasia, to torture, or to cruel, excessive, or unusual punishment. Full rights of citizenship shall be restored upon termination of state and federal supervision following conviction for any offense."
[5] There are distinctions between the defendants and various aspects of their sentences. The following are noteworthy: Co-defendant Cryer, only eighteen, had been in jail nearly a year when he was sentenced. Cryer received probation for ten years, although only five of those were on the burglary charge. Jett was ordered not to enter any place where alcoholic beverages are sold for one year and to observe a 10:00 P.M. curfew. Mayo was found to have been under the influence of other people in committing his crime.
[6] This language is similar to but less specific than the federal statute governing conditions of probation. 18 U.S.C. § 3651 allows a judge to require, as a condition of probation, that a defendant make restitution to "aggrieved parties for actual damages or loss caused by the offense for which conviction was had; ..."

Under this statute, restitution is generally limited to losses sustained in connection with crimes of which defendant was convicted. Karrell v. United States, 181 F.2d 981 (9 Cir. 1950); United States v. Tiler, 602 F.2d 30 (2 Cir.1979). Only persons aggrieved by the crimes for which there were convictions can receive restitution. U.S. v. Clovis Retail Liquor Dealers Trade Ass'n., 540 F.2d 1389 (10 Cir. 1976).
[7] In California, the children of a homicide victim were held to be "victims" for purposes of restitution. People v. Clark, 181 Cal.Rptr. 682, 130 Cal.App.3d 371 (1982).
[1] When a defendant admits (or the record otherwise establishes) his participation in other crimes, that fact can certainly be considered by the trial judge in determining the appropriate sentence, which should be based not only on the particular offense, but also on the character and propensities of the particular offender. Many of the same considerations that are appropriate for consideration in imposing sentence for a particular offense are also appropriate for consideration in imposing conditions of probation.