432 So.2d 865 (1983)
STATE of Louisiana
v.
Preston HARDY.
No. 82-KA-2840.
Supreme Court of Louisiana.
May 25, 1983.
*866 William J. Guste, Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., John H. Craft, James Letten, Asst. Dist. Attys., for plaintiff.
Brod Bagert, New Orleans, for defendant.
PER CURIAM.
Preston Hardy was charged by bill of information with three counts of receiving stolen things in violation of La.R.S. 14:69. The state amended count one of the bill of information so as to aggregate the values of the stolen goods, and nolle prosequied counts two and three. Defendant then pleaded guilty to the amended bill of information. The trial court sentenced defendant to serve three years in the custody of the department of corrections, execution of said sentence being suspended on the condition that defendant serve three years active probation and that he pay $74.00 court costs, $100.00 to the criminal court fund, a $100.00 fine, and make restitution in an amount to be determined by the probation department.
As part of defendant's probated sentence he was ordered to make restitution with the amount and payments to be determined by the Probation Department. When a trial judge suspends the imposition or execution of a sentence and places the defendant on probation he has the power to require defendant to:
(7) Make reasonable reparation or restitution to the aggrieved party for damage or loss caused by his offense in an amount to be determined by the court; .... La. C.Cr.P. Art. 895(A)(7) (emphasis added).
This article requires the court to set the amount of restitution and no codal provision gives the probation department concomitant powers. See also, La.C.Cr.P. Art. 895.1. In this respect the sentence is illegal and the case should be remanded for resentencing in accordance with the applicable law.
CONVICTION AFFIRMED; SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.