439 So.2d 418 (1983)
STATE of Louisiana
v.
Ronald ALLEMAN.
No. 82-KA-2971.
Supreme Court of Louisiana.
October 17, 1983.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., William C. Credo, III, Abbott J. Reeves, Kerry Hogan, Asst. Dist. Attys., for plaintiff-appellee.
Ronald P. Herman, Metairie, for defendant-appellant.
DENNIS, Justice.[*]
Defendant, Ronald Alleman, pleaded guilty to making three obscene phone calls. La.R.S. 14:285. Because of a plea bargain the state dismissed two additional charges of this offense against the defendant. The *419 district court imposed three concurrent sentences of two years imprisonment, suspended their execution, and placed defendant on probation for two years subject to special conditions.[1] Defendant appeals contending that the probation conditions constitute excessive punishment and a denial of due process of law. We conclude that two of the probation conditions must be set aside because they are not authorized upon the facts of this case. Otherwise, the sentences and the probation conditions are affirmed.
In particular, the defendant attacks the two probation conditions which require him to attend a substance abuse clinic and to make restitution to victims of offenses of which he was accused but not convicted. The defendant's complaints are valid. When a court suspends the imposition or execution of sentence and places a defendant on probation, it may impose any specific condition reasonably related to his rehabilitation. La.C.Cr.P. art. 895. There is no evidence in the record or facts in the judge's statement of considerations or statement of the factual basis for sentencing that indicates substance abuse was related to defendant's crimes or that such treatment is reasonably related to his rehabilitation. The sentencing judge is expressly authorized to require the condition of "restitution to the aggrieved party for damage or loss caused by his offense," La.C. Cr.P. art. 895(A)(7) (Emphasis added). Consequently, this court has held that restitution to the victim of a crime of which the defendant was not convicted or did not plead guilty may not be imposed. State v. Labure, 427 So.2d 855 (La.1983). Accordingly, these probation conditions are invalid and will be deleted.
We do not find any merit in the defendant's other attacks upon the sentence and probation conditions. Defendant contends that weekend confinement and a fine of $3000 are excessive and will not promote his rehabilitation. However, the trial judge's sentencing choice of a substantial fine and limited confinement instead of lengthy imprisonment was reasonable and not an abuse of his discretion. Deterrence and rehabilitation of an obscene phone caller are not likely without some stern measures supported by counseling. This appears to be the design of the sentence and we cannot say that it is unreasonable. Moreover, the court may modify, change or discharge the conditions of probation during the period, or even terminate the misdemeanor sentence, if it becomes apparent to the judge that a probation condition or probation itself is no longer necessary or desirable. La.C.Cr.P. arts. 896, 897.
Next, defendant argues that a sentencing judge may not impose the condition of restitution except for a tangible or physical loss, as opposed to the mental anguish, apprehension, and annoyance suffered by defendant's victims. But the sentencing judge is authorized unqualifiedly by statute to require "reparation or restitution to the aggrieved party for damage or loss caused by his offense," and this is an explicit component of his general authority to impose any specific condition reasonably related to defendant's rehabilitation. La.C.Cr.P. art. 895(A)(7). There is nothing in this language or in our law which would indicate a legislative intent to limit reparation or restitution to bodily injury or property damage. In the case of torts, for example, the jurisprudence has no difficulty in awarding a pecuniary indemnification for mental suffering, when it appears to be real and serious. Meador v. Toyota of Jefferson Inc., *420 332 So.2d 433 (La.1976); Comment, Damages Ex Contractu, 48 Tul.L.Rev. 1160, 1170 (1974); 2 M. Planiol, Traite Elementaire de Droit Civil, no. 252 at 152 (11th ed. 1959). Moreover, there is no reason to believe that restitution for such harms is any less reasonably related to rehabilitation than reparation for bodily injury or damage to property.
Finally, defendant argues that the totality of the fine and special conditions imposed constitutes excessive punishment. Considering the sentence and conditions, after deletion of the conditions requiring substance abuse treatment and restitution for unrelated crimes, we conclude that they are not excessive or unwarranted. The sentence and probation conditions seem reasonably designed to achieve the goals of punishment, correction and rehabilitation.

DECREE
The probation conditions are deleted which require substance abuse treatment and compensation of victims of other offenses for losses not caused by crimes to which defendant pleaded guilty. Otherwise the sentence and the probation conditions are affirmed.
AMENDED AND AFFIRMED.
DIXON, C.J., concurs.
WATSON, J., concurs except that he dissents from the concept of awarding civil damages in a criminal proceeding.
LEMMON, J., dissents in part and will assign reasons.
BAILES, J., ad hoc, concurs in part, however, I dissent for the same reasons as Justice WATSON, J., to award of damages.
NOTES
[*] Bailes, J. ad hoc, sitting for Justice Marcus.
[1] (1) That he spend each weekend confined in the Jefferson Parish Correctional Center, from 7:00 a.m. Saturday to 6:00 p.m. Sunday; (2) That he pay a fine of $1,000 on each count, a total of $3,000; (3) That he attend the St. Bernard Substance Abuse Clinic in the St. Bernard Mental Health Center; (4) That he perform 150 hours of community service work over a 15 month period; (5) That he make restitution to each of the individuals named in the original bill of information in the amount of $500 each, for a total of $2,500, to be paid over a 22 month period; (6) That he undergo psychiatric treatment under the supervision of the Probation Department a minimum of 18 months, in addition to continuing treatment with Dr. John P. Galloway, a psychologist and psychoterapist, then treating the accused; (7) That he maintain full time employment.