467 So.2d 876 (1985)
STATE of Louisiana, Plaintiff-Appellee,
v.
William W. METLIN, Defendant-Appellant.
No. CR 84-603.
Court of Appeal of Louisiana, Third Circuit.
April 10, 1985.
Rehearing Denied May 16, 1985.
F. Clay Tillman, Jr., Tillman & Fontenot, Leesville, for defendant-appellant.
*877 Edwin L. Cabra, Asst. Dist. Atty., Leesville, for plaintiff-appellee.
Before DOMENGEAUX, DOUCET and KING, JJ.
KING, Judge.
The sole issue presented by this appeal is whether the trial court erred in ordering restitution, as a condition of defendant's probation, to victims of burglary and theft when the defendant only pled guilty to illegal possession of stolen things.
Defendant, William W. Metlin, (hereinafter Metlin) was originally charged in a seven count bill of information with four counts of illegal possession of stolen things valued at more than one hundred ($100.00) dollars (La.R.S. 14:69), one count of being an accessory after the fact to a felony (La.R.S. 14:25), one count of simple criminal damage to property (La.R.S. 14:56) and one count of simple battery (La.R.S. 14:35). Pursuant to a plea bargain, Metlin entered pleas of guilty to the first three counts of the bill of information, after the State amended each of the counts to three counts of illegal possession of stolen things valued at less than one hundred ($100.00) dollars. The court then ordered the other four counts of the information dismissed on motion of the State as part of its plea bargain with Metlin.
The trial court sentenced Metlin on each count to pay a fine of five hundred ($500.00) dollars plus court costs and to serve six months in the Vernon Parish jail with each jail sentence to run consecutively. The court then suspended the execution of the jail sentences on each count and placed Metlin on supervised probation for a period of two years subject to the general and mandatory conditions of probation set forth in Art. 895 of the La.C.Cr.P., except for the condition of La.C.Cr.P. Art. 895(A)(6), and with the following special conditions of probation, to-wit:
(1) Immediate payment of the fine and court cost;
(2) Payment of restitution within a period of one year as follows:
(a) To Pat Plush in the sum of $4,133.50;
(b) To Ingrid Sanut in the sum of $3,374.00;
(c) To Durhl Davis in the sum of $530.00.
The parties to whom the restitution was to be made were victims of crimes in which the property stolen from them was illegally possessed by Metlin and the dollar amounts of restitution represented the monetary value of their property stolen from them.
Asserting one assignment of error, urging the illegality of the sentence ordering restitution as a special condition of probation, Metlin appeals his sentence. We affirm.

FACTS
The charges against Metlin arose from his involvement with Alan J. Silvers who confessed to twenty-two distinct burglaries and thefts and who claimed that Metlin, as operator of a pawn shop, had provided the market for all the jewelry he had stolen. The trial court noted at sentencing "that there was a suggestion that many of the items of jewelry were cut up and sold for the scrap precious metal" and that Metlin, by providing a market for the stolen items, was encouraging the burglaries. Victims of the various burglaries and thefts of jewelry committed by Alan J. Silvers included Pat Plush, Ingrid Sanut and Durhl Davis.

ASSIGNMENT OF ERROR
Metlin contends that the trial court erred in ordering him to pay restitution, in the amount of $8,037.50, to those victims of burglaries committed by Alan J. Silvers when Metlin did not plead guilty to the burglaries and thefts from the parties to whom he was ordered to make restitution, citing State v. Alleman, 439 So.2d 418 (La.1983); State v. Labure, 427 So.2d 855 (La.1983).
The applicable statute, La.C.Cr.P. Art. 895(A)(7), which permits the court to order restitution as a condition of probation states:

*878 A. When the court suspends the imposition or execution of sentence and places a defendant on probation, it shall require the defendant to refrain from criminal conduct and it may impose any specific conditions reasonably related to his rehabilitation, including any of the following:
That the defendant shall:
* * * * * *
(7) Make reasonable reparation or restitution to the aggrieved party for damage or loss caused by his offense in an amount to be determined by the court."
In ordering restitution the trial judge has discretion and his decision will not be disturbed absent an abuse of this discretion. State v. Gill, 448 So.2d 121 (La.App. 2nd Cir.1984); State v. McGloster, 303 So.2d 739 (La.1974).
The trial court ordering Metlin to make restitution in this case was proper, as the facts in this case are different than those in cases in which it has been held that restitution to "aggrieved parties" or "victims" was improper. See State v. Alleman, supra; State v. Labure, supra. In State v. Alleman, supra, the Supreme Court held that restitution could not be ordered to victims of obscene phone calls, for which the defendant had not been convicted, as a condition of probation for the defendant after conviction on other charges of obscene phone calls. In State v. Labure, supra, although the defendant's charge of burglarizing a house was dropped, the trial judge ordered the defendant to pay restitution to the residents of that house as a condition of probation for a sentence for another unrelated burglary. The Supreme Court held that the defendant could not be ordered to pay restitution to victims of an offense for which he had not been convicted. The concurring opinion in State v. Labure, supra, at page 858 specifically noted that the decision did not necessarily hold that restitution for losses caused by other crimes could never be an appropriate condition of probation. In the Alleman and Lebure cases the defendant was ordered to make restitution, as a condition of probation, to parties who were not "victims" or "aggrieved parties" to the crimes for which the defendant was convicted and sentenced.
In the case before us, Metlin was ordered to pay restitution to the owners of the stolen things he had received from Silvers. The "victims," Plush, Sanut and Davis, were "aggrieved parties" and did suffer a loss caused by Metlin's offense of receiving stolen things, to which Metlin pled guilty in misdemeanor amounts. For this reason we find that the trial judge did not abuse his discretion in ordering Melton to make restitution, to the victims of burglaries and thefts, where he possessed the things stolen from the victims and the victims were aggrieved parties for losses caused by his offense. We find that this condition of Metlin's probation was permitted under the provisions of La.C.Cr.P. Art. 895(A)(7) and was reasonably related to his rehabilitation. Therefore, this assignment of error lacks merit.
For the reasons assigned, the sentences are affirmed.
AFFIRMED.