489 So.2d 232 (1986)
STATE of Louisiana
v.
Lindsey ELKINS.
No. 85-K-2203.
Supreme Court of Louisiana.
May 20, 1986.
Concurring Opinion June 2, 1986.
Joseph Tosh, Tosh & Tompson, Gretna, for defendant-applicant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., William Credo, Dorothy Pendergast, Louise Korns, Asst. Dist. Attys., for plaintiff-respondent.
DIXON, Chief Justice.
Lindsey Elkins was charged in separate bills of information with receiving stolen jewelry in the amounts of $200.00 and $500.00. The jewelry was burgled from the homes of Christopher Niehouse and Lisa Eaton. Niehouse lost property worth $10,960.00 in the burglary of his residence; $2,085.75 was taken from Eaton and her door was broken down. Elkins was not charged with either burglary and no evidence in the record links her to those crimes.
Elkins entered pleas of guilty. The trial judge sentenced her to concurrent terms of three and one-half years and one and one-half years at hard labor, then suspended the sentences and placed Elkins on forty-five months probation, subject to several conditions. The sixth condition of probation is as follows:
"Make restitution to Lisa Eaton $2,085.75 plus $250.00 damages for repair of door. To Christopher Niehouse $5,000.00 as determined by the probation department."
Elkins argued that this condition exceeded the authority of the sentencing judge. See C.Cr.P. 895(A)(7); 895.1(A).[1] Her objection *233 was overruled, and the sentence was affirmed on appeal. 478 So.2d 1264 (La.App. 5th Cir.1985). On Elkins' application we granted a writ of review. 481 So.2d 1325 (La.1986).
In determining the amounts owed the victims, the sentencing judge relied upon the Presentence Investigation Report, which reflects merely that both Niehouse and Eaton thought Elkins had participated in the burglaries,[2] and on Elkins' own indication that the report was "accurate and correct." Adopting the rationale of State v. Metlin, 467 So.2d 876 (La.App.3d Cir. 1985), the court of appeal found sufficient "relationship between the offense[s] to which the defendant pleaded and the losses suffered by the victims" to warrant the condition imposed.
Although this court has refused to limit restitution to monetary loss sustained by victims of crime, see State v. Alleman, 439 So.2d 418, 419 (La.1983), nonetheless we have clearly stated that restitution can only be ordered for "damage or loss caused by [the] offense," (emphasis in original) and that "restitution to the victim of a crime of which the defendant was not convicted or did not plead guilty may not be imposed," citing State v. Labure, 427 So.2d 855 (La. 1983). Elkins was charged with and entered pleas to receipt of stolen goods. She was not charged with the burglariesoffenses separate and distinct from possessionand denied her involvement in either. She is incriminated only by the victims' suppositions. Under the circumstances, that she found the PSI Report to be accurate cannot be equated with a plea to charges she never faced.
The record before us is barren of evidence of the actual damage to the victims, of whether the stolen jewelry had been returned, and of defendant's participation in the burglaries. Assuming the condition of restitution ordered in this case is not otherwise invalid under Alleman, we hold that restitution is improper absent proof of a defendant's participation in the crime for which restitution is sought.
The judgment of the court of appeal is reversed; the sentence is vacated; the case is remanded to the district court for resentencing in accordance with this opinion.
WATSON, J., concurs, but would simply delete the inappropriate conditions of probation.
LEMMON, J., concurs and assigns reasons.
LEMMON, Justice, concurring.
I dissented in State v. Alleman, 439 So.2d 418 (La.1983), on the basis that a sentencing court should not be permitted to use conditions of probation in a criminal case as a means of awarding general civil damages. The same concern prompted my vote to grant certiorari in this case.
Here, the defendant was convicted (by guilty plea) only of receiving stolen things valued at a total of $700.00. These stolen items were recovered and presumably returned to their owners. Yet the trial court, as a condition of probation (and not the district attorney as a part of the plea bargain), compelled defendant to pay over $7,800 for losses incurred by the victims of two burglaries, although defendant was never charged with either crime and has denied committing them. In the absence of an admission or other factual basis linking defendant to the commission of the burglaries, a condition of probation ordering defendant *234 to make further restitution to the victims of the burglaries is not a condition reasonably related to rehabilitation for the crime for which defendant was convicted. See State v. Labure, 427 So.2d 855 (La. 1983) (Lemmon, J., concurring); see also State v. Griffon, 448 So.2d 1287 (La.1984), in which the defendant's contention regarding restitution for uncharged crimes was rejected because defendant had entered into a separate agreement with a governmental agency that the restitution in the criminal case would release him from all civil liability.
NOTES
[1] The applicable statutes read in pertinent part:

A. "When the court suspends the imposition or execution of sentence and places a defendant on probation, it shall require the defendant to refrain from criminal conduct and it may impose any specific conditions reasonably related to his rehabilitation, including any of the following:
That the defendant shall:
. . . . .
(7) Make reasonable reparation or restitution to the aggrieved party for damage or loss caused by his offense in an amount to be determined by the court ..." C.Cr.P. 895 (A)(7).
"(A) "When a court suspends the imposition or the execution of a sentence and places the defendant on probation, it may in its discretion, order placed, as a condition of probation, an amount of money to be paid by the defendant to any or all of the following:
(1) To the victim in restitution to compensate for his loss and inconvenience; ..." C.Cr.P. 895.1(A)(1).
[2] The PSI Report is not in the record. In his oral reasons the sentencing judge quoted from it as follows: "We contacted Lisa Eaton ... one of the victims of the burglaries.... Lisa Eaton thinks that the offender should do some time for the offense. She stated that her front door had been kicked in and it cost her $250 to replace it. The victim feels that since the offender had some of her jewelry she was probably involved with burglarizing her residence.

Mr. Niehouse feels the offender should serve some time for this offense. Like Ms. Eaton, he believed the offender was involved in burglarizing his residence."