496 So.2d 1260 (1986)
STATE of Louisiana
v.
Ronald A. OLSEN.
No. KA 860253.
Court of Appeal of Louisiana, First Circuit.
October 15, 1986.
*1263 William Campbell, Jr., New Orleans, & David J. Knight, Asst. Dist. Atty., Covington, for appellee.
Peter J. Garcia, Covington, for appellant.
Before GROVER L. COVINGTON, C.J., and LANIER and ALFORD, JJ.
GROVER L. COVINGTON, Chief Judge.
Ronald Olsen was charged by bill of information with the theft of currency in the amount of $15,250.00, a violation of La.R.S. 14:67. He was tried by a jury, which convicted him of the theft of property having a value of five hundred dollars or more, and he was subsequently sentenced to a term of three and one-half years at hard labor. The sentence was suspended; and the court imposed a probationary term of five years, with the condition that defendant pay full restitution to the victim of the offense. He appealed, setting forth seven assignments of error, to wit:
1. The trial court erred by denying defendant's motion for a continuance after the state amended the bill of information on the date trial was to begin.
2. The trial court erred by denying defendant's motion for a continuance and stay order, requested on the belief the state intended to introduce other crimes evidence without proper notice to defendant and without a hearing to determine the admissibility of this evidence.
3. The trial court erred in permitting the state to introduce evidence of other crimes allegedly committed by the defendant.
4. The trial court erred by refusing to grant defendant sufficient time in which to prepare and file an application for supervisory writs to the First Circuit Court of Appeal.
5. The trial court erred by permitting the state to introduce evidence of a prior conviction for which defendant had received a full pardon.
6. The state failed to prove every element of the crime charged beyond a reasonable doubt.
7. The court imposed excessive restitution.
Assignment of error number five was not briefed on appeal and is therefore considered abandoned. Uniform Rules Courts of Appeal, Rule 2-12.4.

FACTS
The victim, Gil Gagnon, testified that defendant, Ronald Olsen, with whom he had been friends for about seven years, attended a party at Gagnon's home in November, 1982, and offered to sell his (Olsen's) car to several persons attending the party. Gagnon testified defendant specifically stated the car, a 1982 Mercedes Benz 300 CD-T, belonged to him and that he intended to sell all his belongings and live on a boat he was building. Several days later, defendant and Gagnon reached an agreement whereby Gagnon was to buy the car for *1264 $14,000.00 and an Act of Sale was passed. Gagnon testified further that he was unaware of the book value of the vehicle, but that it was worth approximately $18,000.00 more than the price he paid for it.
On December 1, 1982, Gagnon paid defendant $15,250.00 in cash for the car, which included the purchase price and an additional $1,250.00 for tax and registration costs. Gagnon accepted the vehicle without the title, which was to be transferred shortly thereafter.
Gagnon also testified that he pursued defendant for several months, seeking to obtain the title to the car. He said defendant finally told him that the car belonged to Jim Miller, defendant's roommate, and admitted that he (defendant) never owned the car.
Approximately two years later the car was seized in Gagnon's possession by the mortgage holder, a credit company located in New Orleans. After the car was seized, charges were pressed against defendant and Miller, resulting in the instant conviction of Olsen.

DENIAL OF CONTINUANCE
In assignment of error number one, defendant argues that the trial court erred in denying his motion to continue the trial to a later date after the state amended the bill of information from a charge of unauthorized use of a movable to the charge of theft.
The bill of information as originally filed provided as follows:
That one ... Ronald Olsen [,] ... [u]nlawfully violated R.S. 14:68 by committing the theft of currency, property of Gilles Gagnon, valued at $15,250.00, ...
On October 21, 1984, David J. Knight, the assistant district attorney, amended the bill of information to reflect the statutory designation of 14:67, which relates to the crime of theft. Defendant immediately objected to the amendment and moved for a continuance, claiming that he was prepared to defend a charge of unauthorized use of a movable, a violation of La.R.S. 14:68, but was not prepared to defend a charge of theft. The state objected to a continuance and advised the court the true nature of the charges had been discussed between the attorneys for several months prior to trial, and that defense counsel was well aware the state intended to charge the offense of theft. The court denied the continuance. Defendant contests this ruling.
A prosecutor may make substantive amendments to a bill of information before trial begins. An indictment which contains a formal defect, imperfection, omission, or uncertainty may be amended at any time to correct such error. La.C. Cr.P. art. 487. Thus, the amendment was timely irrespective of its classification as one of substance or of form.
Defendant argues the trial court should have ordered the continuance because the designated charge, La.R.S. 14:68, most commonly refers to automobiles and applies to a taking without intent to permanently deprive. Therefore, he contends that, upon determining the facts presented by the state closely resembled this type of charge, the court should have granted a continuance.
We note initially, that the facts defendant argues in support of a charge of unauthorized use of a movable were developed at trial after the denial of the continuance. The record does not reflect a hearing at which the court might have been informed of the nature of the evidence to be presented. Further, we find no support for defendant's allegations that the charge of unauthorized use of a movable was obviously considered by the state in determining the charge. It appears, rather, that the original designation of La.R.S. 14:68 was merely a typographical error since the information form otherwise tracks the statutorily authorized form for the offense of theft, rather than the unauthorized use of movables. Compare La.C.Cr.P. art. 465(A)(44), (46).
As a general rule, the denial of a continuance is not grounds for reversal of *1265 a criminal conviction absent an abuse of discretion and a showing of specific prejudice caused by denial of the continuance. State v. Jones, 395 So.2d 751 (La.1981). It is incumbent upon defendant to show in what respect his defense has been prejudiced by the amendment of the bill. Id. In determining whether the defendant has been prejudiced in his defense upon the merits, the court shall consider all the circumstances of the case and the entire course of the prosecution. La.C.Cr.P. art. 489. Where the continuance motion is based upon the want of time for preparation by counsel, this specific prejudice requirement has been disregarded only in cases where the preparation time was so minimal as to cast doubt on the basic fairness of the proceedings. State v. Dupre, 408 So.2d 1229 (La.1982).
Defendant sets forth no specific prejudice to his defense caused by the amendment. The mere allegation by a defendant that his defense would be affected by the amendment of the bill of information does not constitute such a showing of prejudice as to render the trial court's refusal of a continuance reversible error. State v. Brown, 338 So.2d 686 (La.1976). The wording of the information itself clearly indicates defendant was charged with the theft of currency. Since the articulation of the charge against the defendant was accurate, the State was entitled to correct the erroneous statutory citation where there was no showing of prejudice. State v. Williams, 392 So.2d 619 (La.1980). If defendant had been confused to any extent by the obvious discrepancy between the statutory citation and the substance of the charge in the indictment, his proper procedural vehicle was to file a motion for a bill of particulars in accordance with LSA-C.Cr.P. Article 484. This assignment of error has no merit.

OTHER CRIMES EVIDENCE
By assignments of error two, three and four, defendant argues the court erred in permitting the state to introduce evidence that defendant attempted to sell the car to persons at the party other than the victim. He argues that evidence of these offers constituted the offense of attempted theft and could not have been offered until its admissibility had been determined.
Evidence of crimes related to the offense with which a defendant is charged is inadmissible except under special exceptions. La.R.S. 15:445-446 provide statutory exceptions for evidence of other criminal acts relevant to show intent, knowledge or system. In the instant case, it is clear that defendant's offers to sell the car, statements that the car belonged to him, and expressions of his reasons for selling the car were directly probative of defendant's guilt in the commission of the crime charged, that is, the misappropriation of $15,250.00 with the intent to permanently deprive the owner thereof. Further, defendant's general offer to sell the vehicle and its subsequent acceptance by the victim formed one continuous transaction and as such constituted part of the res gestae of the offense charged. La.R.S. 15:448. See G. Pugh, Louisiana Evidence Law, p. 44, n. 76 (1974); p. 103, n. 12 (Supp.1978). All of these activities were integral parts of a single transaction. See also State v. Boone, 364 So.2d 978 (La.1978). What forms any part of the res gestae is always admissible in evidence. La.R.S. 15:447. Because the testimony of defendant's statements was independently admissible as res gestae of the charged offense, the state was not required to provide defendant with pretrial notice of its intent to introduce such evidence at trial.[1]State v. Lawson, *1266 393 So.2d 1260 (La.1981). These assignments of error have no merit.

SUFFICIENCY OF THE EVIDENCE
By assignment of error number six, defendant submits the state did not present sufficient evidence to support the verdict.
Defendant took the stand on his own behalf. He admitted that he was present at the party given by the victim and testified that on one occasion he "jokingly" mentioned he would sell the car. He denied that he made repeated offers to sell the car and further denied that he had sold the car to Gagnon or that he was present when the car was sold to Gagnon. The victim testified to the defendant's involvement as discussed above.
In State v. Mathews, 375 So.2d 1165 (La. 1979), a majority of the Louisiana Supreme Court determined that the United States Supreme Court case of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) required that the standard of review when considering the sufficiency of the evidence to support a criminal conviction is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. This standard for the appellate review of facts in criminal cases has been made statutory. La.C.Cr.P. art. 821; State v. Captville, 448 So.2d 676 (La.1984); State v. Korman, 439 So.2d 1099 (La.App. 1st Cir.1983).
The verdict indicates that after considering the credibility of the witnesses and weighing the evidence, the jury accepted the testimony of the victim and rejected the testimony of the defendant. Where there is conflicting testimony about factual matters, the resolution of which depends on a determination of the credibility of the witnesses, this is a matter of the weight of the evidence, not its sufficiency. Tibbs v. Florida, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982); State v. Kent, 434 So.2d 1258 (La.App. 1st Cir.1983), writ denied, 440 So.2d 727 (La.1983). A determination of the weight of the evidence is a question of fact. State v. Norman, 448 So.2d 246 (La.App. 1st Cir.1984); Korman, 439 So.2d at 1101. This court has no appellate jurisdiction to review questions of fact in criminal cases. La. Const. of 1974, art. V, § 10(B). This court is constitutionally precluded from acting on an appeal as a "thirteenth juror" in assessing what weight to give evidencethat determination rests solely on the sound discretion of the trier of fact. The trier of fact may accept or reject, in whole or in part, the testimony of any witness. State v. McDowell, 427 So.2d 1346 (La.App. 2nd Cir.1983); Holmes v. Southeastern Fidelity Insurance Company, 422 So.2d 1200 (La.App. 1st Cir.1982), writ denied, 429 So.2d 133 (La.1983).
*1267 Applying these standards to the instant case, we conclude the evidence is constitutionally sufficient and supports the defendant's conviction.

EXCESSIVE SENTENCE
By assignment of error number seven, defendant argues the court imposed an excessive sentence by requiring restitution in the amount of $15,250.00 in monthly payments of $339.23 for sixty months at 12% interest.
Defendant attempts to establish the amount of restitution ordered is excessive because the total amount the court ordered that he pay is $20,353.80, which exceeds the amount the victim would have paid to lease the vehicle by about $1000.00. He claims, therefore, that the victim was rewarded by the excessive restitution and is compensated more fully than he could have realized with a civil remedy.
When a court suspends the imposition or execution of sentence and places a defendant on probation, it may impose any specific condition reasonably related to his rehabilitation. La.C.Cr.P. art. 895; State v. Alleman, 439 So.2d 418 (La.1983). The sentencing judge is authorized unqualifiedly by statute to require "reparation or restitution to the aggrieved party for damage or loss caused by his offense," and this option is an explicit component of his general authority to impose any specific condition reasonably related to defendant's rehabilitation. La.C.Cr.P. art. 895(A)(7); State v. Alleman, supra. Although defendant claims the court should have specifically stated any amount over the lease value was to be in addition to the actual pecuniary loss suffered by the victim, we do not agree that the pecuniary loss should be measured by the lease value of the vehicle. Any supposition by defendant that the victim would have chosen to lease this vehicle is mere conjecture. Further, the record is replete with evidence that the victim and his wife underwent a lengthy period of acute anxiety over the fate of "their" car and the money advanced for the purchase of it. The trial court is not limited to restitution of actual pecuniary loss. See State v. Alleman, supra.
Defendant also argues the amount of restitution ordered by the court is excessive because it is grossly out of proportion to the earning capacity of the defendant. He submits the evidence presented by him at the sentencing hearing established he earns $387.96 per week after taxes and that his only assets are a bank account of approximately $400.00 and a sailboat that he built in his backyard.
At the beginning of the sentencing hearing, defendant stated he was willing to undergo any restitution the court might order rather than face a term of imprisonment. During this hearing defendant testified, however, that the boat was 95% complete and would be worth more than $35,000.00 when finished. The court specifically provided that defendant could pay off the balance at any time, indicating he would thus successfully terminate his probation.
For the foregoing reasons, we do not find the amount of restitution complained of to be an abuse of discretion.

PATENT ERROR NOTE
Defendant was not rearraigned after the amendment to the bill of information. However, LSA-C.Cr.P. Article 555 provides, in pertinent part, that "[a] failure to arraign the defendant or the fact that he did not plead, is waived if the defendant enters upon the trial without objecting thereto, and it shall be considered as if he had pleaded not guilty." Therefore, this omission was harmless, and since the defendant was apprised sufficiently of the charge against him, as discussed above, he suffered no prejudice thereby.
For the foregoing reasons, we affirm the conviction and sentence of the defendant.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] Moreover, we note the statements complained of were also admissible under La.R.S. 15:445-446 as evidence of defendant's intent and design or plan. Defendant's intent to deprive an unsuspecting buyer of the monies advanced for the sale price was genuinely at issue, and the evidence of his statements had substantial independent relevance for the purpose of showing defendant intended to sell a vehicle he did not own. Further, the instant offense is one of the minority where the actual occurrence of the crime was genuinely at issue; and the design evidence has further relevance to prove defendant's plan. See State v. Hatcher, 372 So.2d 1024, 1032 (La.1979). As such, the evidence meets the standards set forth in Hatcher, supra, for the admissibility of evidence of other crimes: (1) there was clear and convincing evidence that defendant committed the other crimes; (2) the evidence was substantially relevant for some purpose other than to show the defendant's general criminal character; (3) the other crimes evidence tended to prove a material fact genuinely at issue; and (4) the probative value of the other crimes evidence outweighed its prejudicial effect. A fifth fact, relative to the method of commission of the offense, is not relevant to this inquiry.

Generally, if the state intends to introduce evidence of other crimes as allowed by La.R.S. 15:445-446, notice of that intent must be given to defendant; and it must be proven that the evidence meets the constitutional, statutory, and jurisprudential guidelines for admission. State v. Prieur, 277 So.2d 126 (La.1973). If the evidence of defendant's statements at the party were admissible only under these statutory provisions, pretrial notice should have been given of the state's intent to introduce the evidence and a determination should have been made of its admissibility. Nevertheless, the evidence was admissible, and the defense can show no specific prejudice arising out of the trial court's failure to conduct a pre-trial hearing. See State v. Bolton, 408 So.2d 250 (La.1981). Thus, although we find the court was not required to conduct a hearing because the evidence in question was a part of the res gestae, we find that even if the evidence had been admitted solely to prove intent or plan, the court did not commit reversible error in denying defendant's motion for a Prieur hearing or in denying defendant a stay of the proceedings to seek supervisory review.