517 So.2d 428 (1987)
STATE of Louisiana
v.
Robert E. ROGERS.
No. 87 KA 0717.
Court of Appeal of Louisiana, First Circuit.
December 22, 1987.
Bryan Bush, Dist. Atty. by Ernest Smithling, Asst. Dist. Atty., for plaintiff/appellee.
Office of the Public Defender by Michele Fournet, Appellate Counsel, for defendant/appellant.
Before COVINGTON, C.J., and SAVOIE and LeBLANC, JJ.
SAVOIE, Judge.
The defendant, Robert E. Rogers, was charged by bill of information with possession of a stolen vehicle in violation of LSA-R.S. 32:724. This offense was punishable by a maximum sentence of five years at hard labor. See LSA-R.S. 32:732(B). The defendant pled guilty; the trial court suspended the imposition of sentence for a period of two years, placing the defendant *429 on active, supervised probation for that period. The trial court imposed the following special conditions of probation: the defendant must (1) submit to substance abuse evaluation and accept treatment if deemed necessary; (2) submit to periodic urinalysis at his own expense; (3) pay a $15.00 per month probation supervision fee; and (4) pay one-half of the restitution to the victim. Condition number three was suspended until the payment of restitution was complete.
On appeal, the defendant urges as his only assignment of error that the trial court erred in imposing conditions of probation in violation of LSA-C.Cr.P. art. 895. Specifically, the defendant argues that the drug-related conditions of probation (numbers one and two) imposed by the trial court had no reasonable relation to the instant offense and, therefore, should not have been imposed.
When a court suspends the imposition or execution of sentence and places a defendant on probation, it may impose any specific condition reasonably related to his rehabilitation. LSA-C.Cr.P. art. 895; State v. Alleman, 439 So.2d 418, 419 (La.1983). In the instant case, the defendant pled guilty to possession of a stolen Mack truck. In pleading guilty, the defendant explained that he only participated in this offense in order to facilitate the repayment of an unrelated debt owed to him by one of the participants, who had promised to repay the debt if the defendant participated in the offense. There are no facts in the record indicating that substance abuse was related to the defendant's participation in this offense.
In his brief, the defendant relies on State v. Alleman, supra, in support of his argument that these drug-related conditions of probation should be deleted. In Alleman, supra, the Louisiana Supreme Court found that there was no evidence in the record and that there were no facts in the judge's statement of considerations in sentencing which indicated that substance abuse was related to the defendant's crimes or that such treatment was reasonably related to his rehabilitation. However, we find that the instant case is distinguishable from Alleman. The instant pre-sentence investigation report, requested by the trial court, indicates that the defendant admitted to marijuana use, although he stated that he had not used marijuana for over a year. Furthermore, in the instant case, the defendant would be required to undergo substance abuse treatment only if it were deemed necessary after a substance abuse evaluation. In Alleman, supra, mandatory substance abuse treatment was imposed, apparently without a substance abuse evaluation.
The record and the pre-sentence investigation report indicate that the defendant, a divorced, 37 year old white male, was only employed on a part-time basis. Noting the defendant's admitted experimentation with marijuana in the recent past, we conclude that these drug-related conditions of probation were reasonably related to the defendant's rehabilitation. Therefore, we conclude that the trial court did not err in imposing such special conditions of probation.
For the above reasons, this assignment of error is without merit.

PATENT SENTENCING ERROR
Special condition of probation number four required the defendant to pay one-half of the restitution to the victim. When the trial court suspends the imposition or execution of a sentence and places the defendant on probation, it has the power to require the defendant to: "Make reasonable reparation or restitution to the aggrieved party for damage or loss caused by his offense in an amount to be determined by the court; ..." LSA-C.Cr.P. art. 895 A(7). This article requires the trial court to set the amount of restitution, and no codal provision gives the Probation Department concomitant powers. State v. Hardy, 432 So.2d 865 (La.1983); see also LSA-C. Cr.P. art. 895.1. In the instant case, the sentencing transcript clearly indicates that the trial court failed to set a specific restitution payment amount. The trial court merely indicated that each of the two defendants should pay restitution to the victim, which amounted to approximately *430 $2,000.00 each. However, the trial court stated: "Let them [we presume this means the probation department] determine the amount."
In State v. Hardy, supra, the trial court incorrectly ordered the Probation Department to determine the amount and payments of restitution owed to the victim. In that case, the Louisiana Supreme Court vacated the defendant's sentence and remanded the case for resentencing. In the instant case, however, we find it unnecessary to vacate the entire sentence. Instead, we merely vacate special probation condition number four and remand the case to the trial court for an exact determination of the amount of restitution owed by the defendant. The defendant is reserved the right for further review by appeal to this Court after the trial court determines the amount of restitution.
For the above and foregoing reasons defendant's conviction is affirmed. Additionally, special condition of probation number four is vacated and the case is remanded for a determination of the amount of restitution. The sentence is affirmed in all other respects.
CONVICTION AFFIRMED, SENTENCE AFFIRMED IN PART AND VACATED AND REMANDED IN PART.