PER CURIAM.
The defendant, Charles Hamburg, was charged by bill of information with the offense of armed robbery, a violation of LSA-R.S. 14:64. The defendant entered a plea of guilty to first degree robbery, a violation of LSA-R.S. 14:64.1. The state agreed not to bill the defendant as a multiple offender pursuant to the plea bargain. The trial court imposed sentence of twenty-seven years at hard labor without benefit of parole, probation, or suspension of sentence. The defendant now appeals the sentence as excessive. We affirm.
FACTS
The record reveals the following facts. During the early morning hours of May 31, 1987, the defendant Charles Hamburg and co-defendant Kenny McWilliams proceeded to the Holiday Inn located in West Monroe in furtherance of a premeditated plan to commit robbery therein. Upon entering the lobby of the hotel, the defendant produced a knife which he held to the throat of the night manager, George McClendon, while McWilliams took $700 from behind the counter which he placed inside a garbage bag.
The defendant and McWilliams fled in the latter’s vehicle. The police were immediately notified. After a high-speed chase, the perpetrators were apprehended and placed under arrest. The stolen money was recovered from the get-away vehicle.
The defendant was charged with the crime of armed robbery, but entered a plea of guilty to first degree robbery. The trial court imposed sentence of twenty-seven years at hard labor.
ISSUES
The defendant now appeals his sentence, contending (1) the trial court did not com *917 ply with the sentencing guidelines of LSA-C.Cr.P. art. 894.1, and (2) the sentence imposed is constitutionally excessive.
LAW AND ANALYSIS
The defendant first argues the trial court failed to adequately" particularize the sentence to the defendant under LSA-C.Cr.P. art. 894.1.
It is well-settled the sentencing judge is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing judge. State v. Square, 433 So.2d 104 (La.1983); State v. Brooks, 431 So.2d 865 (La.App.2d Cir.1983). The sentencing guidelines of LSA-C.Cr.P. art. 894.1 provide the criteria to consider in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979). While the trial judge need not articulate every aggravating and mitigating circumstance outlined in article 894.1, the record must reflect he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Smith, 433 So.2d 688 (La.1983).
At the sentencing hearing, the trial judge considered the aggravating and mitigating circumstances in great detail. The trial judge noted the defendant has a lengthy history of prior criminal activity. The trial court observed over the past ten years the defendant has received convictions for receiving stolen things (1977); theft (1977); simple damage to property and theft (1981); possession of contraband (1981); attempted simple burglary (1982); and seven counts of theft (1985). The trial judge observed this twenty-eight year old defendant is classified as a third felony offender. The trial judge noted the crime committed by the defendant is one which poses a grave risk of death or great bodily harm. The trial judge stated the defendant’s character and attitude indicated he is likely to commit another crime. As a mitigating circumstance, the trial judge noted the stolen money was recovered. The trial judge observed the defendant has no dependents on which his incarceration would prove a hardship. Finding a lesser sentence would deprecate the seriousness of the crime, the trial judge imposed the twenty-seven year sentence.
We conclude the trial judge’s review of the sentencing factors delineated in article 894.1 was well-reasoned and articulated.
This contention is without merit.
The defendant also complains the sentence imposed violates the constitutional prohibition against cruel, unusual, and excessive punishment. LSA-Const. Art. 1, § 20. A sentence is excessive if it is grossly out of proportion to the severity of the offense or if it is nothing more than a needless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A plea bargain which brings about substantial benefits to a defendant is a legitimate consideration in sentencing. State v. Winzer, 465 So.2d 817 (La.App.2d Cir.1985).
The defendant benefitted considerably from the plea bargain. The'original charge of armed robbery carries with it a minimum penalty of five years and a maximum penalty of ninety-nine years. By entering a plea of guilty to the lesser crime of first degree robbery, the defendant substantially reduced his exposure from the maximum of ninety-nine years under LSA-R.S. 14:64 to the maximum of forty years under LSA-R.S. 14:64.1. The actual sentence imposed was twenty-seven years, well below the maximum of forty years. Further, as part of the plea bargain, the state agreed not to multiple bill the defendant, allowing him to escape penalties under the multiple offender statute, LSA-R.S. 15:529.1.
The sentence imposed does not reflect an abuse of discretion by the trial judge nor is it constitutionally excessive.
This contention is without merit.
Defendant further objects to his sentence as disproportionate to the sentence received by the other perpetrator, Kenneth McWilliams. McWilliams was sentenced by the same trial judge and received thirteen years at hard labor after *918 entering a guilty plea to the charge of first degree robbery. Our supreme court has addressed this argument, noting “there is nothing in the law which requires that a sentencing judge treat co-defendants equally.” State v. Quimby, 419 So.2d 951 (La.1982). A sentence greater than one received by another defendant for the same crime does not render the sentence cruel and unusual. State v. Labure, 427 So.2d 855 (La.1983), and citations therein.
This contention is without merit.
CONCLUSION
For the reasons expressed above, the defendant’s sentence is affirmed.
AFFIRMED.