BARRY, Judge.
The defendant was charged with possession of stolen things valued at $2,000, La. R.S. 14:69, and pleaded not guilty. After a two day trial the jury found him guilty of possession of stolen things valued at less than $100. Delays were waived and the defendant was sentenced to five (5) months in Orleans Parish Prison, suspended, and two (2) years active probation with the special condition that he pay $2,500 to the Court Operational Fund. An additional *1285 thirty (30) days in lieu of $155.00 court costs was later suspended due to defendant’s indigency.
Because it was unclear whether the defendant was actually ordered to pay restitution, the imposition of which forms the basis of this appeal, on August 1, 1989 this Court ordered the district court to issue a per curiam to clarify the sentence.
By per curiam dated August 10, 1989, the district court clarified the sentence to reflect that the $2,500 was restitution.
FACTS
On December 1, 1987 a white 1982 Delta 88 Oldsmobile belonging to Reginald Reed was parked outside Reising’s Bakery, Reed’s place of employment. The car was stolen between 2:00 p.m. and 4:00 p.m. and Reed notified the police.
Reed testified that he purchased the car new for $15,000.00, that it was in excellent condition with “power everything”, and had a velour interior and an AM/FM cassette player. No other evidence was presented as to the value of the car.
Officer Bruce Adams received a call about a blue tow truck and an auto being stripped at 2013 Tennessee, the defendant’s home address. Following a trail of fresh motor oil leading from the driveway, Officer Adams found a stripped auto a block away. The vehicle identification number confirmed it was Reed’s stolen car.
Officer Adams identified a tow truck, driven by William Manuel, which had a set of navy blue velour interior seats. Manuel told Officer Adams he loaned the defendant his tow truck to lift a white car because the defendant did not have a jack. The defendant arrived at the scene during Officer Adams’ investigation and all three returned to 2013 Tennessee where the defendant’s wife permitted the police on the property. Officer Adams noticed the defendant had fresh motor oil on his clothes and had parts from the stolen car, including the car’s cap, scattered in his yard. Other parts were found in the defendant’s shed and the license plate was found burning in a barrel.
Officer Adams testified that the defendant denied any knowledge of the car, claiming he worked all day as a security guard. The defendant told Officer Adams that he purchased the tires and battery from Western Auto. The officer noted these items were not Western Auto brand.
According to Officer Adams, though the defendant claimed “Keith” put the auto on the defendant’s property, the defendant stated he would reveal the location of the motor and transmission, items not found at his home, after he was released.
Manuel testified that he had grown up with the defendant. On the day of the theft, he loaned the defendant the tow truck about 5:00 — 5:30 p.m. in order to work on a white Oldsmobile parked in the defendant’s driveway. When Manuel returned home after an unsuccessful attempt to retrieve the truck, “Keith” pulled up driving the tow truck.
Manuel said he was stopped by the police and an officer got into the tow truck. Unaware of the officer, the defendant approached the tow truck. The three men then returned to the defendant's home.
The defendant testified that he worked that morning, cashed a check and paid his utility bill. Around 5:00 — 5:30 his friend Ralph Schenck drove him to Chalmette where they worked on one of Schenck’s vehicles until about 10:00 p.m. When he returned home the car’s parts were in his yard and a neighbor said Manuel had been there. The defendant denied saying he was a security guard, although he recalled that the officer told him that the Reising Bakery security guard could identify him. Schenck basically corroborated the defendant’s story, though Schenck did not notice any car parts when he took the defendant home.
Phillip Schmidt, a NOPSI employee, verified that someone paid the 2013 Tennessee Street bill the afternoon of the theft, but he could not determine who made the payment.
Silas Brown, a neighbor, testified he attempted to see the defendant on the evening of the theft at about 5:30 p.m. and *1286 again around 7:30. When he went by the second time, three men were in the defendant’s yard working on a car and Brown did not know any of the men. When Brown telephoned at about 8:30 — 9:00 p.m. the defendant's wife said the defendant had been picked up by the police. Brown stated he was uncertain of the times.
Linda Harris, the defendant’s wife, verified the defendant’s version of the facts. Harris said Brown had come by looking for the defendant and that “Keith” was at the house about 5:00 p.m. that day since she and the defendant used “Keith’s” truck that day.
During sentencing the district attorney stated to the court that he had been told the re-sale value of the car was about $3,000. When asked by the court if any of the parts had been returned to the owner, it was noted that some parts were with the NOPD auto division.
The defendant’s sole assignment of error urges that the district court erred by requiring him to pay $2,500 in restitution as a condition of probation.
In State v. Labure, 427 So.2d 855 (La.1983), the Supreme Court considered, among other things, an award of restitution to victims of two different burglaries as a condition of probation.
Pursuant to a plea bargain, charges of possession of stolen things valued over $500 and two counte of theft of over $100 in connection with the Love residence burglary were dropped in exchange for La-bure’s guilty plea to simple burglary of the Benson residence. The six year sentence was suspended and Labure was placed on five years supervised probation.
As one of the conditions of probation, an award of restitution was made to Benson and to Love. While finding the sentence was not excessive under the Louisiana Constitution, the Supreme Court found the award of restitution to Love patently erroneous.
The Court noted that the statutory authority for restitution specified that the restitution award be made to the “victim” or “aggrieved party” and that the charges regarding the Love residence were dropped. The Court concluded that since
Love was not an “aggrieved party” or a “victim” in connection with the offense to which Labure pled guilty, restitution to ... Love could not be required as a condition of Labure’s probation, (footnote omitted).
427 So.2d at 857. Because the Court also found another condition of probation illegal, Labure’s sentence was set aside and the case remanded for resentencing.
In State v. Alleman, 439 So.2d 418 (La.1983), the defendant was required as a condition of probation to make restitution to victims of offenses “of which he was accused but not convicted.” 439 So.2d at 419. The Court cited State v. Labure and noted the sentencing judge is authorized by La.C.Cr.P. Art. 895(A)(7) to order restitution for loss caused by the defendant’s offense. The Court then summarily concluded that condition was invalid, presumably because there was no evidence to support that order, i.e., that the losses were caused by the defendant’s offense. That condition as well as one other was deleted from the sentence. The rest of the sentence was affirmed.
In State v. Elkins, 489 So.2d 232 (La.1986) the defendant was charged in separate bills of information with receiving stolen jewelry valued at $200.00 and $500.00 respectively. The jewelry had been stolen from two homes, both of which sustained a substantially greater loss than that reflected by the value of the jewelry. The defendant was not charged with the burglaries and the record contained no evidence implicating her in the burglaries. After entering guilty pleas the defendant was given a suspended sentence. As one of the probationary conditions she was ordered to make restitution of $2335.75 to one of the property owners and $5,000 to the other.
The Supreme Court stated:
The record before us is barren of evidence of the actual damage to the victims, of whether the stolen jewelry had been returned, and of defendant’s participation in the burglaries. Assuming the *1287 condition of restitution ordered in this case is not otherwise invalid under Alte-rnan, we hold that restitution is improper absent proof of a defendant’s participation in the crime for which restitution is sought.
489 So.2d at 233. The Court vacated the sentence and remanded for resentencing.
In the present case, the defendant was never charged with theft of the auto. Though the restitution award requires payment of $2,500, the defendant was charged with possession of stolen things valued at $2,000. Importantly, he was convicted of possession of stolen things valued at under $100.-
Further, there is nothing in the record as to the value of the car except the approximate purchase price paid several years earlier, or whether the victim received any of his auto’s parts. The record does reflect that some of the parts remained with the NOPD auto division.
The defendant was convicted of possession of stolen things valued at less than $100. The defendant cannot be ordered to make restitution of $2,500 as a result of the conviction. The defendant’s sentence is vacated and the case is remanded for re-sentencing.
The defendant’s conviction is affirmed.
CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED.
BECKER, J., dissents with reasons.