463 So.2d 35 (1985)
STATE of Louisiana In the INTEREST OF Darren TATOM.
No. 84-CA-477.
Court of Appeal of Louisiana, Fifth Circuit.
January 14, 1985.
*36 John M. Mamoulides, Dist. Atty., Andrea Price, Asst. Dist. Atty., Twenty-Fourth Judicial Dist., Gretna, for plaintiff-appellee.
Ann M. Keller, Indigent Defender Bd., Gretna, for defendant-appellant.
Before CHEHARDY, CURRAULT, and DUFRESNE, JJ.
CURRAULT, Judge.
On February 16, 1983, the District Attorney's office for the Parish of Jefferson petitioned the Juvenile Court to adjudicate the minor, Darren Tatom, delinquent for having committed an aggravated assault in violation of LSA-R.S. 14:37. The adjudication hearing commenced on September 7, 1983; and, at the close of the victim's testimony, the defense moved for a directed verdict of acquittal. The trial judge pretermitted the issue, stating that the motion was procedurally premature prior to the completion of the state's case. Following the testimony of two additional witnesses, the state concluded its case and the defense again moved for a directed verdict, alleging that the evidence presented by the state was insufficient to prove the offense charged. The trial judge denied the motion and the defense sought writs. This court denied writs on October 13, 1983, concluding relator would be adequately protected on appeal.
The adjudication recommenced, was eventually submitted, and the trial judge found the juvenile delinquent based on the offense charged in the petition. At the disposition hearing, the juvenile was ordered to be committed to the Department of Corrections for a period of six months. The execution of that sentence was suspended pending the outcome of this appeal.
Counsel for the minor filed this appeal, asserting one assignment of error:
The Honorable Jack A. Grant erred in denying the defendant's motion for acquittal because the state failed to produce any evidence that the alleged victim of the alleged aggravated assault had been placed in reasonable apprehension of having a battery committed on his person by the defendant.
During the latter part of November, 1982, the daughter of Jerry Freeman ran away from home. Mr. Freeman began canvassing the neighborhood in search of her whereabouts. On the evening of November 25, he saw the girl standing with three young men outside of a small townhouse complex in Kenner. Upon seeing him, all the youths, including his daughter, scattered. He initiated a pursuit and managed to catch Darren Tatom as Tatom came around the corner of the building. Freeman grabbed the juvenile by the throat, pushed him up against a parked car, and "tried to get out of him where his daughter was." A struggle between the two ensued as the juvenile attempted to secure his release. Tatom's father came upon the scene and questioned Freeman as to what he was doing to his son. Freeman responded that he was looking for his daughter and the younger Tatom had run from him. The incident ended as Mr. Tatom returned to his residence accompanied by his son.
On the following day, Mr. and Mrs. Freeman knocked at the door of the Tatom residence after being informed that their daughter was, in fact, staying there. Darren Tatom answered the door, and in response to the Freemans' inquiry regarding the presence of their daughter in the house, replied that he had left her at a store known as the "Breadbasket." Mr. Freeman indicated that he didn't believe Tatom and threatened to call the police. Tatom shut the front door and ran back upstairs to where several other juveniles, including Freeman's daughter, were waiting. Freeman got in his car and left the immediate vicinity, apparently to call the police. He returned shortly and standing outside the fence began watching the back of the townhouse while his wife maintained a surveillance on the front.
From a second floor window, Tatom pointed a rifle at Freeman and threatened *37 to "blow [his] f....ing brains out" if he did not leave the area. Freeman responded that "he [Tatom] didn't have the guts to shoot me." At this time the police units were heard in the area and the juveniles, except for the victim's daughter, left the residence. Tatom was subsequently placed in custody when he returned to the townhouse pursuant to a request by Patrolman Frederick Kirby, relayed to Tatom through another juvenile.
In an adjudication proceeding, the State must prove beyond a reasonable doubt that the minor committed a delinquent act as alleged in the petition and that the burden of proof, beyond a reasonable doubt, is no less severe than the burden of proof standard required in an adult proceeding. LSA-C.J.P. art. 73, State of Louisiana in the interest of Pigott, 413 So.2d 659 (La.App. 1st Cir.1982). That standard, as articulated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt. This standard was adopted and made applicable to juvenile proceedings by the court in Pigott, supra. Thus, when reviewing juvenile proceedings, this court is obligated to ascertain whether the State has presented sufficient evidence to prove beyond a reasonable doubt an essential element of the crime charged. Pigott, supra.
The underlying offense, LSA-R.S. 14:36 reads:
"Assault is an attempt to commit a battery, or the intentional placing of another in reasonable apprehension of receiving a battery."
The elements of assault are:
(1) the intent-to-scare mental element (general intent);
(2) conduct by the defendant of the sort to arouse a reasonable apprehension of bodily harm; and
(3) the resulting apprehension on the part of the victim.
At the trial, elements 1 and 2 were proven. However, element 3 was not. In fact, the victim explicitly testified he was never afraid throughout the entire confrontation and further that when defendant pointed the gun at him he challenged defendant to shoot him because he did not believe defendant had the guts to do it. Neither the State nor the record provides any circumstantial evidence that the victim exhibited any behavior indicative of apprehension. It is quite apparent from the record that the State did not satisfy its burden of proof by sufficiently proving all essential elements of the crime charged.
For the above stated reasons, the adjudication of Darren Tatom as a delinquent based on the commission of a delinquent act alleged in the petition must be reversed and a judgment of acquittal entered.
REVERSED.