KNOLL, Judge.
Defendant, James E. Moore, was previously before us, seeking reversal of the trial court’s denial of his motion to suppress and complaining of an excessive sentence. State v. Moore, 595 So.2d 334 (La. App. 3rd Cir.1992). We affirmed defendant’s convictions, but remanded the case to the trial court for resentencing to clarify the sentences imposed, to articulate its reasons for the sentences on the misdemeanor convictions, and to elaborate on the restitution plan ordered. Defendant now appeals his resentencing, relying on two assignments of error. We affirm.
The facts of this case were fully set out in our prior opinion, and will not be repeated herein. We simply reiterate that defendant’s convictions arise from guilty pleas he entered to 10 misdemeanor counts of theft and 5 counts of simple burglary.
On April 20, 1992, the sentencing court resentenced defendant as follows: (1) On each of the 5 counts of simple burglary, defendant was sentenced to serve 6 years at hard labor with the Department of Public Safety and Corrections, to run concurrently; (2) On each of the 10 misdemeanor theft counts defendant was sentenced to serve 6 months in jail and pay a fine of $250; these misdemeanor theft sentences were ordered served concurrent to each other, but consecutive to the sentence for the simple burglary convictions. The misdemeanor sentences were suspended and defendant was placed on two years supervised probation upon release from prison. The sentencing court further imposed the following conditions of probation: pay the court costs and the fine; make restitution to the victims according to the plan set forth in the resentencing transcript; submit to random drug testing; and make restitution to the Indigent Defender Board in the sum of $500.
MOTION TO SUPPRESS
Defendant contends that the trial court erred in denying his motion to suppress.
In our original opinion rendered in this matter at 595 So.2d 334, we determined that defendant had not properly preserved his right of appellate review of the ruling on the motion to suppress. Defendant neither sought a rehearing in our court nor did he seek a writ of certiorari to the Louisiana Supreme Court. Accordingly, we find that our determination on this issue is now final and cannot be reurged herein.
Nevertheless, assuming arguendo that defendant can contest the trial court’s denial of his motion to suppress, we find no merit to his argument.
Defendant argues that the state trooper had no cause to stop defendant’s vehicle. Defendant further asserts that any consent to search he may have given was tainted because of the illegal stop; thus, any items found by the trooper in his automobile were illegally seized.
The right of law enforcement officers to stop and interrogate a person reasonably suspected of criminal conduct is recognized by LSA-C.Cr.P. Art. 215.1, as well as by both the federal and state constitutions. The right to make an investigatory stop must be based upon reasonable cause sufficient to cause them to suspect the particular individual detained of past, present, or imminent criminal conduct. It *147 is well settled that reasonable cause to justify an investigative stop is something less than probable cause and must be resolved on a case by case basis by determining whether the officer had sufficient knowledge of the facts and circumstances to justify an infringement on the individual’s right to be free from governmental interference. State v. DeBlanc, 549 So.2d 1287 (La.App. 3rd Cir.1989), writ denied, 558 So.2d 599 (La.1990), and cases cited therein.
Trooper Daniel Cedars testified that in the early morning hours, he saw defendant’s small 1987 Dodge Omni exit the Double A Store Buildings, a private store and lock business used primarily for the storage of household goods. Trooper Cedars stated that the vehicle entered the highway at approximately 20 to 25 miles per hour, a high rate of speed for a vehicle coming from a private drive. He further told the trial court that break-ins had recently occurred at the storage facility. Based on this information, Trooper Cedars, an 18 year veteran of the State Police, decided to stop Moore’s vehicle. Based on this evidence, we find that Trooper Cedars had reasonable cause to stop defendant’s vehicle pursuant to LSA-C.Cr.P. Art. 215.1.
In addition, we find that defendant validly consented to a search of his vehicle. A valid consent to search is a well recognized exception to the requirement of a valid search warrant. State v. DeBlanc, supra. When the State relies upon consent to justify a search, it has the burden of proving that the consent was given freely and voluntarily. The validity of the consent thus depends on whether or not it was free of duress or coercion, either express or implied. The issue of the consent is factual and may be determined by the credibility of conflicting witnesses as well as the surrounding circumstances. State v. Alexis, 514 So.2d 561 (La.App. 4th Cir.1987), and cases cited therein.
In the case sub judice, Trooper Cedars’s uneontradicted testimony was that defendant, the driver of the stopped vehicle, gave his consent to search the vehicle. When Trooper Cedars stopped defendant, he observed the Dodge Omni filled with packages, boxes, microwaves, weedeaters, and bug lights piled in plain view in the back seat of the vehicle. Despite the incriminating appearance of the vehicle’s interior, defendant permitted Trooper Cedars to conduct a search. At the suppression hearing, defendant presented no evidence to refute Trooper Cedars’s statement that defendant was neither threatened nor promised anything for permission to search the automobile. Accordingly, we find that because of the consent given by defendant, there are further grounds to support the seizure of items from defendant’s automobile.
Therefore, for the foregoing reasons, defendant’s assignment of error lacks merit.
SENTENCING GUIDELINES
Defendant next contends that the sentencing court should have suspended his sentence and ordered probation, and that the sentencing court failed to particularize the sentences to him.
LSA-C.Cr.P. Art. 881.1 became effective on January 31, 1992. State v. Belsha, 608 So.2d 291 (La.App. 3rd Cir.1992). Accordingly in the case sub judice, since the trial court’s imposition of sentence on April 20, 1992, was the first legal sentence in this case, LSA-C.Cr.P. Art. 881.1 was applicable.
LSA-C.Cr.P. Art. 881.1 provides:
“A. (1) Within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.
(2) The motion shall be oral at the time of sentencing or in writing thereafter and shall set forth the specific grounds on which the motion is based.
B. If a motion is made or filed under Paragraph A of this Article, the trial court may resentence the defendant despite the pendency of an appeal or the commencement of execution of the sentence.
*148 C. The trial court may deny a motion to reconsider sentence without a contradictory hearing.
D. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review." (Emphasis added.)
This article is not exclusively limited to excessive sentences. It also requires the filing of a motion to reconsider sentence which alleges the specific ground upon which the motion is based. Failure to follow the requirements of the article, precludes the defendant from raising the issued) on appeal. In the case sub judice, the defendant did not file a motion to reconsider sentence. For this reason, we find that we are precluded from addressing defendant’s assignments of error concerning his sentence.
ERRORS PATENT REVIEW
In reviewing the record, we find two issues which we wish to dispose of at this juncture so that they are not the source of future appellate review.
In the first instance, there is a question of whether the sentencing court ordered the two years supervised probation to each misdemeanor theft count, and if so, whether each probationary period was intended to run concurrent or consecutive to the other.
The sentencing court resentenced defendant on the misdemeanor thefts as follows:
“On each of the misdemeanor counts in 44,778, that is, Counts 2, 4, 9, 11, 18 and 15 and in 44,779, the numbers I believe are 6, 10, and 12 and in 44,780, Count 1, you will serve six (6) months in jail and pay a fine of Two Hundred and Fifty ($250) Dollars. These sentences are made to run concurrent with each other but consecutive to the felony sentences recited above. The misdemeanor sentences will be suspended and you will be placed on two (2) years supervised probation, which probation shall begin upon your release from prison.”
The duty of the sentencing court is to express sentences in clear terms such that its intent is revealed with fair certainty; it being understood that the elimination of every doubt cannot be demanded. United States v. Daugherty, 269 U.S. 360, 46 S.Ct. 156, 70 L.Ed. 309 (1926).
In the present case, we find after reading the transcript and court minutes that there appears to a fair certainty that the sentencing court placed defendant on supervised probation on all misdemeanor convictions for a two year period with the probated period running concurrently. Although the sentencing court did not specifically state this, it is clear to us that consecutive probationary periods were not contemplated.
The second issue we find which needs elaboration involves the restitution ordered by the sentencing court in the misdemeanor sentences. On remand, the sentencing court stated:
“The misdemeanor sentences will be suspended and you will be placed on two (2) years supervised probation, which probation shall begin upon your release from prison. The conditions of the probation are as follows:
* * * * * *
[Y]ou [defendant] will make restitution to the various and sundry victims in the aggregate sum of Five Thousand ($5,000) Dollars. For the record, ... I arrived at that in the following manner according to the — it actually runs more than five thousand but five thousand is the amount ordered. According to the report, the following persons sustained the following amount of losses: Lera McNeal, One Thousand Five Hundred and Eighty One ($1,581) Dollars; Cyndi Extine, Two Hundred and Thirty ($230) Dollars; James Johnson, Five Hundred ($500) Dollars; Enid Olivares, who recovered most of the items, had a broken lock and that was Four ($4) Dollars; Ray Heaton, Nine Hundred and Fifty ($950) *149 Dollars; Wilfredo Figueroa, One Hundred and Twenty Five ($125) Dollars. They couldn’t ascertain the amount from Wayne Young, who was unavailable and who is in Germany so there’s nothing allocated for him. Douglas Allardyce, Ten ($10) Dollars; Vernon McRae, Two Hundred and Fifty ($250) Dollars; David Williams, Two Hundred and Fifty ($250) Dollars; Ivey Jeane, Two Hundred ($200) Dollars; Bob Lewis, Forty eight ($48) Dollars; Duck’s Unlimited, reported by John K. Anderson, One Hundred ($100) Dollars; J.J. Stephens, One Hundred and Fifty ($150) Dollars. I think that adds up to Four thousand three hundred ninety eight ($4,398) Dollars and that did not include the value of some of the locks and I’m not going to get into that.
******
That restitution will be made in the following manner: you will pay Three Hundred ($300) Dollars within forty-five (45) days after you are released from prison and the balance will be paid at Two Hundred ($200) a month, provided that credit will be given for restitution paid by any of the other co-defendants. What I’m telling you is that you will be a solidary obligor and you will be liable for the entirety of this but if, let’s say, Sixto Lozado [a codefendant] pays three thousand dollars restitution, then that will diminish the amount that you have to pay, do you understand, by that figure. Or if one of the others pays a portion, then we will subtract that amount from what is to be paid.”
The record establishes that the defendant and the State worked out a plea bargain in which defendant’s criminal exposure was significantly reduced. As shown by defense counsel’s statements for the record, the State and defendant structured the agreement so that defendant pleaded guilty to at least one charge on each victim. This enabled the sentencing court to order defendant to make restitution to each of the victims.
Our purpose in commenting on this aspect of sentencing is to emphasize that the sentencing court ordered restitution only as part of the probation requirements imposed in connection with the suspended sentences defendant received for the guilty pleas he entered to the misdemeanor counts.
We also point out that the sentencing court utilized the presentence investigation report as its source for the amounts it chose in its restitution order. The report details each victim’s loss as a result of defendant’s actions. At sentencing, counsel for defendant stated that it had reviewed the presentence report and that he did not wish to offer evidence which might contradict the report.
Lastly, we point out that apparently in the case sub judice restitution may have been ordered in some instances on counts to which defendant did not enter pleas of guilty. Under the rationale of State v. Metlin, 467 So.2d 876 (La.App. 3rd Cir.1985), and cases cited therein, we find no error in this procedure. In Metlin, defendant pleaded guilty to three counts of illegal possession of stolen things valued under $100 and was ordered to make restitution of $8,037.50 to victims of burglaries and thefts to which he had not entered guilty pleas. In approving this aspect of Metlin’s sentence, we stated at page 878: “... [W]e find that the trial judge did not abuse his discretion in ordering Metlin to make restitution, to the victims of burglaries and thefts, where he possessed the things stolen from the victims and the victims were aggrieved parties for losses caused by his offense.” In the present case, a factual basis was stated for the record showing defendant’s participation in the crimes involving each of the victims to whom restitution was ordered; likewise, defendant’s possession of the various stolen things was not disputed. As in Metlin, we find that restitution as part of defendant’s probation was permitted under the provisions of LSA-C.Cr.P. Art. 895(A)(7) and was reasonably related to his rehabilitation.
For the foregoing reasons, defendant’s convictions and sentences are affirmed.
AFFIRMED.