bWOODARD, Judge.
This case stems from two successive incidents involving a minor, J.M. (the Juvenile). As a result of threats made to B.L. and J.H., the Juvenile was arrested and charged with two counts of simple assault. After a hearing held on October 27, 1998, he was adjudicated a delinquent and sentenced on both counts to ninety days in the Department of Corrections. The sentence was suspended, and he was placed on conditional and supervised probation for a period not to exceed one year. ' We reverse.
FACTS
On October 19, 1997, J.H. was driving his Chevrolet S10 pickup truck in the company of B.L., a passenger. While attempting to make a U-turn in the parking lot of an Eckerd’s drug store in New Iberia, Louisiana, J.H. noticed the Juvenile pulling up behind his truck. B.L. immediately exited the truck and began having words with the Juvenile. Allegedly, while remaining in his automobile, the Juvenile shouted that he would kill B.L. Then, the Juvenile pulled alongside the driver’s side of J.H.’s vehicle, hollering and screaming. Apparently, he threatened to kill both occupants and their families.
Another confrontation between the parties occurred approximately five minutes later. J.H. and B.L. were in the front yard of B.L.’s home, when the Juvenile arrived at his home located one block, or approximately 200 feet to 300 feet, away from B.L.’s home. While he remained in front of his own home, the Juvenile started insulting and | ^threatening J.H., B.L., and the members of B.L.’s family present at the scene. Mr. Danny Keith Blakely, a neighbor, testified that the Juvenile took off his shirt, threw it down the street and seemed very angry and hostile. J.H. at *7 tempted to go towards the Juvenile to confront him, but B.L.’s father stopped him, and told him that the matter should be handled by the police. Officer Walter Thibodeaux, from the New Iberia Police Department, responded to the scene shortly thereafter and arrested the Juvenile.
On November S, 1997, the Juvenile was charged by petition with two counts of simple assault, in violation of La.R.S. 14:38, to which he pled not guilty on January 6, 1998. He was adjudicated a delinquent and sentenced on both counts to ninety days in the Department of Corrections after a hearing held on October 27, 1998. The sentence was suspended, and he was placed on supervised probation for a period not to exceed one year. The trial court also imposed the following special concurrent conditions to the probation: (1) Complete forty hours of community public service work; (2) Successfully complete an anger control program or any other similar type program that the department of probation feels would be necessary; (3) No contact, communication with, or harassment of the family of B.L., and the family of Mr. Blakely, a witness at the adjudication hearing; and (4) Pay a ten dollar per month probation fee. The Juvenile appeals, alleging one assignment of error.
LAW
The Juvenile claims that the evidence is not sufficient to adjudicate him a delinquent. Specifically, he asserts that the State did not introduce any evidence showing that he attempted to commit a battery and that he placed the victims in reasonable apprehension of receiving a battery.
In a ease involving a juvenile, the State has the burden of proving, beyond a reasonable doubt, the commission of the alleged delinquent act. La.Ch.Code art. 883. This burden of proof is no less strenuous than that required in the criminal proceeding against an adult. State In Interest of Tatom, 463 So.2d 35 (La.App. 5 Cir.1985). On review, the standard for due process, fashioned by the United States Supreme Court in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), is applicable to determine whether the evidence was sufficient to support an adjudication of delinquency in a Juvenile matter. State In Interest of T.L., 514 So.2d 217 (La.App. 5 Cir.1987). Essentially, while we review whether the evidence in support of the adjudication of a | a Juvenile is sufficient; we must determine, viewing the evidence in a light most favorable to the prosecution, whether any rational trier of fact could find from the evidence adduced, proof of guilt beyond a reasonable doubt. State In Interest of Wilkerson, 542 So.2d 577 (La.App. 1 Cir. 1989). Furthermore, it is well settled that appellate review in juvenile delinquency proceedings extends to both law and facts. La. Const. Art. V, § 10(B) (1974); State In Interest of Batiste, 367 So.2d 784 (La.1979). In Wilkerson, 542 So.2d 577, 581, the court stated:
In a juvenile case, when there is evidence before the trier of fact that, upon its reasonable evaluation of. credibility, furnished a factual basis for its finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Reasonable evaluation of credibility and reasonable inferences of fact should not be disturbed upon review.
(Citations omitted).
In the case sub judice, the Juvenile was adjudicated a delinquent on the basis of two counts of simple assault. La.R.S. 14:36 defines assault as “an attempt to commit a battery, or the intentional placing of another in reasonable apprehension of receiving a battery.” In Tatom, 463 So.2d 35, the court announced three prerequisites to proving the commission of an assault: (1) a general intent to scare; (2) conduct generating a reasonable apprehension of bodily harm; and (3) a resulting apprehension on the part of the victim. The court went on to find that the evidence was insufficient to support a conviction for aggravated assault when the vie- *8 tim “explicitly testified he was never afraid throughout the entire eonft-ontation and further that when defendant pointed the gun at him he challenged defendant to shoot him because he did not believe defendant had the guts to do it.” Tatom, 463 So.2d at 37.
As did the court in Tatom, we do not find that the evidence was sufficient to support a charge of simple assault, and, thus, we hold that the trial court’s decision, finding the Juvenile guilty on two counts of simple assault, was manifest error. Indeed, when we review the entire record, we find that the State did not prove that either B.L. or J.H. had a reasonable apprehension of receiving a battery on either count of simple assault. In fact, whether for the Eckerd’s incident (the first incident) or for the ensuing altercation at B.L.’s home (the second incident), both B.L. and J.H. stated that they did not fear that the Juvenile would hurt them or be capable of carrying out his threats.
^Regarding the first incident, B.L. stated that the Juvenile was very agitated. He feared that the Juvenile would “attempts to assault” him, but he claims that he was not in fear of getting hurt because he is “much bigger” than the Juvenile. When asked whether he thought that the Juvenile would attempt to carry out his threats, B.L. answered that “if we would have ever gotten close enough, I feel he would have been the type of person to take a swing.” Nevertheless, the evidence shows that, at all times, the Juvenile remained in his car. Further, the State did not introduce any evidence showing that the Juvenile attempted to exit his car to carry out his threats. Additionally, J.H. testified that B.L. did not fear the threats made by the Juvenile. However, his testimony was impeached by the State when he asserted that he was unable to hear what the Juvenile was saying because the windows of the Juvenile’s car were rolled up, a statement which was inconsistent with that made in a previous police report. When asked to explain the discrepancy between his two statements, he asserted that “Mr. Leblanc was writing and he told me just put the same thing he is putting, basically the same thing. So I put basically the same thing he put.”
Similarly, the evidence adduced involving the second incident does not show that either B.L. or J.H. were reasonably in fear of receiving a battery. B.L. stated that he did not fear that the Juvenile would follow through with his threats, and J.H. claimed that he never felt that the Juvenile would do him any harm.
The trial court adjudicated the Juvenile a delinquent, albeit, noting the lack of evidence to show that the victims feared bodily harm as a result of the Juvenile’s actions. The trial court dealt with this issue as follows:
I do hear [B.L.] and I do hear [J.H.] saying, uh, “I wasn’t scared,” you know, “I knew that I wasn’t afraid.” And that sort of thing. Uh, I can’t see how anybody doesn’t have some fear not knowing what [J.M.] or anybody else that says those words, uh, might be doing. And, uh, you know, I’m gonna adjudicate [J.M.] delinquent.
Apparently, when it reached its decision, the trial court substituted its own feeling, on the matter, to those of the alleged victims. Such a feeling, however, is not supported by the record.
Our disposition of the case on the Juvenile’s assignment of error pretermits our review of errors patent.
[.CONCLUSION
For the foregoing reasons, we reverse the trial court’s decision to adjudicate the Juvenile a delinquent on the basis of the two counts of simple assault.
REVERSED.