# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 12-192


**STATE IN THE INTEREST OF  C.P.**


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. JC20110687
HONORABLE MARILYN C. CASTLE, DISTRICT JUDGE

**********

## MARC T. AMY
## JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Oswald A. Decuir, and Marc T. Amy, Judges.


**AFFIRMED WITH INSTRUCTIONS.**

**Michael Harson**
**District Attorney**
**Michelle Breaux**
**Assistant District Attorney**
**Post Office Box 3306**
**Lafayette, LA   70502-3306**
**(337) 262-8654**
**COUNSEL FOR APPELLEE:**
      **State of Louisiana**

**Janet L. Brown**
**Carolyn Cole**
**Office of Public Defender**
**Post Office Box 3622**
**Lafayette, LA   70502**
**(337) 232-9345**
**COUNSEL FOR DEFENDANT/APPELLANT:**
      **C. P.**

**AMY, Judge.**

After the juvenile defendant allegedly punched a classmate, the State filed a petition charging him with simple battery. The trial court adjudicated the juvenile as delinquent and imposed a disposition of sixty days, suspended, and six months unsupervised probation. The juvenile appeals. For the following reasons, we affirm and instruct the trial court to inform the juvenile of the provisions of La.Code Crim.P. art. 930.8.

## Factual and Procedural Background

According to the record, the juvenile defendant, C.P.,[1] and the victim, B.A., were both elementary school students on May 18, 2011. The record indicates that C.P. was born in June of 2000. C.P. and B.A. were in the school cafeteria to watch a play when, after B.A. said something that "wasn't really smart," they started calling each other names. According to B.A., the two started poking each other in the shoulder. B.A. testified that C.P. eventually told him "if you touch me one more time, I will hit you." B.A.'s testimony was that he then "sarcastically" poked C.P. in the shoulder, and C.P. responded by hitting B.A. in the forehead. In his testimony, C.P. denied that he and B.A. had been poking each other. According to C.P., another classmate was encouraging B.A. to hit C.P. Therefore, C.P. told B.A. that he would hit B.A. if B.A. hit him first. C.P. testified that B.A. eventually hit him on the leg, so C.P. retaliated by hitting B.A. on the forehead. The two boys traded a few blows until the fight came to the attention of a teacher.

The police were called, and C.P. was arrested. The State eventually filed a petition charging C.P. with simple battery, a violation of La.R.S. 14:35, and seeking to adjudicate him as a delinquent. After a hearing, the trial court found

---

[1] Pursuant to Uniform Rules—Courts of Appeal, Rules 5-1 and 5-2, initials are used throughout this opinion to protect the identity of the juvenile defendant, the victim, and the witnesses, as applicable.

that C.P. committed a battery when he hit B.A. in the face and that it was not in self-defense. The trial court imposed a sixty day suspended sentence and six months of unsupervised probation.

C.P. appeals, asserting that:

> I. The trial court erred in adjudicating C.P. delinquent for the offense of Simple Battery. The state failed to prove the elements of the offense beyond a reasonable doubt, in that it failed to prove that the victim did not consent to the battery.

> II. The trial court erred in finding that C.P.'s actions were not justified under La.R.S. 14:19(A).

## Discussion

*Errors Patent*

Although the Louisiana Children's Code is silent as to whether an error patent review is appropriate for a juvenile criminal proceeding, this court has previously found that La.Ch.Code art. 104 and La.Code Crim.P. art. 920 mandate such a review. *State in the Interest of J.C.G.*, 97-1044 (La.App. 3 Cir. 2/4/98), 706 So.2d 1081. We note two errors patent.

First, we observe that the record does not indicate that the trial court complied with the requirements of La.Ch.Code art. 855. When the child appears to answer the petition, Article 855 calls for the trial court to "first determine that the child is capable of understanding statements about his rights under this Code." If the trial court resolves that question in the positive, Article 855 then directs the trial court to advise the juvenile defendant of certain rights under the Children's Code.[2] However, when the juvenile defendant is represented by counsel at the

---

[2] These items, listed under La.Ch.Code art. 855(B) are, in relevant part:

> (1) The nature of this delinquency proceeding.

> (2) The nature of the allegations of the petition.

> (3) His right to an adjudication hearing.

2

hearing and enters a plea of not guilty, the trial court's failure to comply with Article 855 has been found to be harmless error. *State in the Interest of K.G.*, 34,535 (La.App. 2 Cir. 1/24/01), 778 So.2d 716.

Here, C.P. answered the petition on September 28, 2011. The minutes from that date do not indicate that the trial court complied with Article 855 and the record does not contain a transcript from that hearing. However, the minutes indicate that C.P. was represented by counsel and that he entered a denial to the charge against him. Accordingly, we find that any error in this regard was harmless.

Second, there is nothing in the record that reflects that the trial court informed C.P. of the two-year prescriptive period for seeking post-conviction relief as mandated by La.Code Crim.P. art. 930.8. *See State in the Interest of T.S.*, 04-1111 (La.App. 5 Cir. 3/1/05), 900 So.2d 77. Thus, we instruct the trial court to inform C.P., in writing, of the delays for post-conviction relief within ten days of the rendition of this opinion and file proof of the notice in the record.

*Sufficiency of the Evidence*

In his first assignment of error, C.P. contends that the State failed to prove that he committed simple battery. Specifically, he contends that the State did not prove that B.A. did not consent to the battery, an argument that concerns the sufficiency of the evidence.

---

(4) His right to be represented by an attorney, his right to have counsel appointed as provided in Article 809, and his right in certain circumstances authorized by Article 810 to waive counsel.

(5) His privilege against self-incrimination.

(6) The range of responses authorized under Article 856.

(7) The possible consequences of his admission that the allegations are true, including the maximum and minimal dispositions which the court may impose pursuant to Articles 897 through 900. [. . . .]

The supreme court discussed sufficiency of the evidence claims in juvenile delinquency proceedings in *State in the Interest of D.P.B.*, 02-1742, pp. 4-6 (La. 5/20/03), 846 So.2d 753, 756-57 (footnote omitted)(first alteration in original), stating:

> In a juvenile proceeding, the state's burden of proof is the same as in a criminal proceeding against an adult—to prove beyond a reasonable doubt every element of the offense alleged in the petition. La. Ch.Code art. 883; *In Re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). "In reviewing the sufficiency of the evidence to support a conviction, an appellate court in Louisiana is controlled by the standard enunciated by the United States Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)....[T]he appellate court must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime had been proved beyond a reasonable doubt." *State v. Captville*, 448 So.2d 676, 678 (La.1984). . . . . When defendant challenges the sufficiency of the evidence in such a case, the question becomes whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found beyond a reasonable doubt that the homicide was not committed in self-defense. *State v. Matthews*, 464 So.2d 298 (La.1985).

Further, the trial court's findings of fact in a juvenile case are subject to the manifest error standard of review. *State in the Interest of J.M.*, 99-136 (La.App. 3 Cir. 6/2/99), 742 So.2d 6 (citing *State in the Interest of Wilkerson*, 542 So.2d 577 (La.App. 1 Cir. 1989)). Accordingly, the appellate court should not disturb reasonable evaluations of credibility and reasonable inferences of fact absent manifest error. *Id.*

C.P. was charged with simple battery, a violation of La.R.S. 14:35, and is defined as "a battery committed without the consent of the victim." Battery is defined in La.R.S. 14:33 as "the intentional use of force or violence upon the person of another[.]"

The gist of C.P.'s argument is that because B.A. poked C.P. after C.P. warned him that he would hit B.A. if B.A. touched him again, B.A. consented to

the battery. In brief, C.P. argues that "[t]he state did not present any evidence other than the victim's testimony to show that the victim did not consent to the hit." However, in *State v. Davis*, 45,662 (La.App. 2 Cir. 11/3/10), 57 So.3d 1066, *writ denied*, 10-2677 (La. 4/25/11), 62 So.3d 85, the second circuit found that, under the facts of that case, the testimony of the victim alone was sufficient to establish lack of consent to simple battery. *See also State v. Helou*, 02-2302 (La. 10/23/03), 857 So.2d 1024. Further, B.A's testimony indicates that C.P. initiated any physical conflict, as B.A. testified that C.P. poked him first. We observe that C.P. testified that there was no poking and that B.A. hit him first. Contrary to C.P.'s statement, Officer Lafitte of the Lafayette Parish Sheriff's Department testified that, immediately after the incident, C.P. told him that there had been poking and that B.A. started it. B.A. also testified that he did not expect C.P. to "do anything" after C.P. told B.A. that he would hit B.A. if B.A. touched him again. B.A. also demonstrated the method in which he "sarcastically" poked C.P.

The trial court provided oral reasons, finding that C.P. punched B.A. in the face. Striking someone in the face is sufficient to constitute the use of force or violence upon the person of another. La.R.S. 14:33. Further, the trial court discounted C.P.'s testimony and found that the two boys had been poking each other. The trial court stated that "while poking is bad, poking is not the same as punching somebody in the face." It was the trial court's role to make findings of fact and determinations of credibility, which should not be disturbed by this court absent manifest error. *State in the Interest of J.M.*, 742 So.2d 6. The record indicates that C.P.'s testimony, especially concerning whether the boys were poking each other and the sequence of events, was contradicted by B.A.'s testimony and the testimony of Officer Lafitte. Further, the trial court was in the best position to observe the witnesses, especially with regard to B.A.'s

5

demonstrations of his actions. Viewed in the light most favorable to the prosecution, B.A.'s testimony alone was sufficient to establish that he did not consent to the battery. *See Davis*, 57 So.3d 1066. Accordingly, we find no error in the trial court's determination that C.P. hit B.A. in the face and that B.A. did not consent to the battery.

This assignment of error is without merit.

*Self-Defense*

C.P. also contends that the trial court erred in finding that he did not act in self-defense.

Louisiana Revised Statutes 14:19(A) addresses the use of force or violence in defense, stating:

> The use of force or violence upon the person of another is justifiable when committed for the purpose of preventing a forcible offense against the person or a forcible offense or trespass against property in a person's lawful possession, provided that the force or violence used must be reasonable and apparently necessary to prevent such offense, and that this Section shall not apply where the force or violence results in a homicide.

This court has held that, in non-homicide cases, the burden of proof lies on the defendant to prove self-defense by a preponderance of the evidence. *State v. Wright*, 99-1137 (La.App. 3 Cir. 3/1/00), 758 So.2d 301, *writ denied*, 00-1614 (La. 3/9/01), 786 So.2d 118. Further, the defendant must show that the force used was necessary to ward off the attack. *Id.* Additionally, the aggressor in a conflict cannot assert self-defense "unless he withdraws from the conflict in good faith and in such a manner that his adversary knows or should know that he desires to withdraw and discontinue the conflict." *State v. Robinson*, 37,043, p. 7 (La.App. 2 Cir. 5/14/03), 848 So.2d 642, 646.

"The issue of self-defense requires a dual inquiry: (1) an objective inquiry into whether the force used was reasonable under the circumstances; [and] (2) a

6

subjective inquiry into whether the force was apparently necessary." *State v. Anderson*, 98-492, p. 10 (La.App. 3 Cir. 10/28/98), 721 So.2d 1006, 1011, *writ denied*, 98-2976 (La. 3/19/99), 739 So.2d 781. For instance, in *State v. Golson*, 27,083 (La.App. 2 Cir. 6/21/95), 658 So.2d 225, *writ denied*, 97-165 (La. 10/10/97), 703 So.2d 600, the second circuit found that the defendant's actions in shooting his wife three times after she made "stabbing motions" with a pair of fingernail clippers was not necessary to prevent an imminent assault, even though the defendant testified he thought his wife had a knife.

Here, there is sufficient evidence in the record to support a conclusion that C.P.'s actions were neither reasonable nor necessary under the circumstances. B.A. testified that the boys were poking each other in the shoulder, and the trial court accepted that testimony. B.A. demonstrated this for the trial court. Notably, there was no testimony that the poking was in any way injurious or threatening to either boy. C.P. testified that he thought that B.A. was going to hit him; however, C.P. denied that there was any poking and testified that B.A. hit him in the leg before he hit B.A. in the forehead. The trial court discredited this testimony.

Further, there was testimony that, as a result of C.P.'s actions, B.A. had bruising and swelling on his forehead. Although an ambulance "checked [C.P.] out" after the incident, C.P. indicated that he did not need any treatment. Given this evidence, a reasonable person could have concluded that the force was unnecessary under the circumstances and was not apparently necessary to prevent an imminent offense. Accordingly, we find that the trial court did not err in finding that C.P.'s actions were not a reasonable response to B.A.'s actions.

Additionally, the record would also support a finding that C.P. was the aggressor in the confrontation. Although the trial court did not explicitly state that C.P. initiated the poking, there is evidence in the record that may support such a

7

conclusion. C.P. testified that he was worried that B.A. would hit him and that another boy, C.F., was encouraging B.A. to hit C.P. However, C.P. also testified that B.A. hit him before he hit B.A. In her reasons for judgment, the trial judge rejected this contention and found that C.P. threw the first punch. At a minimum, there is evidence that indicates that C.P. elevated the fracas from a verbal argument and "childish poking" to a physical fight.

This assignment of error is without merit.

## DECREE

For the foregoing reasons, we affirm the juvenile defendant, C.P.'s, adjudication and disposition for the charge of simple battery, a violation of La.R.S. 14:35. We instruct the trial court to inform C.P., in writing, of the provisions of La.Code Crim.P. art. 930.8 for post-conviction relief within ten days of the rendition of this opinion and file proof of the notice in the record.

**AFFIRMED WITH INSTRUCTIONS.**