STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

13-1364

STATE IN THE INTEREST OF

D.B.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. JC 201355
HONORABLE HERMAN C. CLAUSE, DISTRICT JUDGE

**********

SHANNON J. GREMILLION
JUDGE

**********

Court composed of Elizabeth A. Pickett, James T. Genovese, and Shannon J. Gremillion, Judges.

AFFIRMED AS AMENDED WITH INSTRUCTIONS.

Michael Harson
District Attorney, Fifteenth Judicial District Court
Michelle M. Breaux
Assistant District Attorney
P.O. Box 3306
Lafayette, LA 70502-3306
(337) 232-5170
COUNSEL FOR RESPONDENT:
        State of Louisiana

**Jane Hogan**
**Public Defender's Office**
**600 Jefferson Street, Suite 902**
**Lafayette, LA 70501**
**(337) 232-9345**
**COUNSEL FOR APPELLANT:**
    **D.B.**

**GREMILLION, Judge.**

The Juvenile, D.B., took a 2011 Chevrolet truck that belonged to Douglas Trahan. Trahan alleged that the tools that had been inside the truck were missing when the truck was returned. The Juvenile was charged with unauthorized use of a movable, a violation of La.R.S. 14:68. He was not charged with any action directly related to the theft of the tools. The Juvenile entered an admission to the charge, was adjudicated delinquent, and a judgment of disposition was rendered committing the Juvenile to the custody of the Office of Juvenile Justice for a period of one year. The term of commitment was suspended, the Juvenile was placed on active supervised probation for one year, and a restitution hearing was scheduled. At the hearing, the Juvenile was ordered, as a condition of probation, to pay $750.00 in restitution in monthly payments of $75.00. Defense counsel objected to the trial court's order and requested that the restitution be stayed. The trial court denied the request.

Defense counsel filed a notice of intent to apply for supervisory writs. This court denied the Juvenile's writ application as follows:

> **WRIT DENIED:** The Juvenile's claims are not reviewable by application for writ of supervisory review, and appellate courts generally will not exercise their supervisory jurisdiction when an adequate remedy exists by appeal. *See* La.Ch.Code art. 330(B); *Douglass v. Alton Ochsner Medical Found.*, 96-2825 (La. 6/13/97), 695 So.2d 953; *State in the Interest of P.K.*, 11-17 (La.App. 3 Cir. 2/2/11) (unpublished opinion).
>
> Defense counsel's oral notice of intent to appeal at the restitution hearing constituted an oral motion for appeal. *See State v. Greene*, 12-2027 (La. 3/15/13), 109 So.3d 370. Accordingly, we remand the matter to the trial court for the Juvenile to comply with the other provisions regarding appeals.

*State ex rel. D.B.*, 13-1066 (La.App. 3 Cir. 10/4/13) (unpublished opinion).

The Juvenile is now before this court asserting two assignments of error. He contends that the trial court erred in finding he was responsible for restitution, and

the district court erred in ordering him to pay restitution in the unreasonable amount of $750.00.

After reviewing the record in accordance with La.Code Crim.P. art. 920, we find several errors patent and that the probation order is in need of correction.

First, at the appearance hearing to answer the State's petition, the trial court failed to advise the Juvenile of his rights as required by La.Ch.Code art. 855. Pursuant to La.Ch.Code art. 855, the trial court must first determine if the juvenile is capable of understanding his/her rights, and if so, to advise the child of his/her rights, including the nature of the proceedings, the nature of the allegations of the petition, the right to an adjudication hearing, the right to appointed counsel, and the right against self-incrimination. In *State ex rel. C.P.,* 12-192 (La.App. 3 Cir. 6/6/12), 91 So.3d 1273, the court applied the harmless error analysis when the trial court failed to advise the juvenile of his rights under Article 855. In *C.P.*, the court found the error was harmless since the record reflected that the juvenile was represented by counsel when he appeared in court and entered a denial to the charges against him. In the present case, the record indicates that the Juvenile was represented by counsel and denied the allegation. Thus, we find that the error was harmless.

Second, the trial court failed to inform the Juvenile of the two-year prescriptive period for filing post-conviction relief as required by La.Code Crim.P. art. 930.8. Although the Louisiana Children's Code contains no similar provision, this court has previously held that this notice should be given. *State ex rel. J.C.G.*, 97-1044 (La.App. 3 Cir. 2/4/98), 706 So.2d 1081. We order the trial court to inform the Juvenile of the provisions of Article 930.8 by sending appropriate written notice to him within ten (10) days of the rendition of this opinion and to file written proof in the record that the Juvenile received the notice.

Third, the probation order needs to be corrected. The order states, "that the Juvenile having been adjudicated Delinquent for the following offense(s): UNAUTHORIZED USE OF A MOTOR VEHICLE 14:68.4[.]" The transcript of the adjudication proceeding indicates that the Juvenile pled to unauthorized use of a movable, a violation of La. R.S. 14:68. We amend the probation order to accurately reflect the transcript of the adjudication hearing. *See State v. Wommack*, 00-137 (La.App. 3 Cir. 6/7/00), 770 So.2d 365, *writ denied*, 00-2051 (La. 9/21/01), 797 So.2d 62.

## ASSIGNMENT OF ERROR NUMBER ONE

In his first assignment of error, the Juvenile contends that the trial court erred in finding that he was responsible for restitution where the charges against him did not allege theft, the only evidence of loss presented at the hearing was a list and receipts provided by the victim without any prior notice to the defense, and the State failed to show that the restitution did not exceed the actual pecuniary loss, if any.

At the restitution hearing, the State called Doug Trahan to testify. He indicated that his truck was taken without permission, and the truck was not damaged. However, Trahan testified that the tools that were inside his truck were taken.

> Defense counsel objected, arguing the following:
>
> There is no allegation that he stole tools, that he removed tools. So to suggest that he has to pay restitution for something that he was not charged with, that was not mentioned in the police report, and that we're first hearing about today, is improper. . . . So for the first time today to be introducing evidence that there's missing tools, is improper in a restitution hearing.

The State argued that the items at issue were inside the truck when it was taken by the Juvenile; however, they were not listed in the police report. The State asserted

that the Juvenile received notice when defense counsel was provided with the receipts. Defense counsel then argued he was not given any receipts. The trial court found "this would be a direct loss from the crime." Defense counsel objected to the trial court's ruling. Defense counsel further argued that it was never alleged or proven that the tools were taken; thus, restitution was inappropriate.

Trahan subsequently testified that a lot of hand tools and power tools were taken from this truck, and the total was $1,552.73. When asked to enumerate what was taken, Trahan stated, "[a] lot of hand tools." Trahan was then asked to read from "the list" and told, "[i]f you have to read every single one, that's fine." Trahan then testified that the following items had been taken:

> [s]crewdriver, nut driver, torque wrench, plyers, needle nose, Lyman plyers, nail set, a couple of felt knives, vice grip, a wrench -- two (2) or three (3) wrenches. Let's see, line strippers, wire strippers, Dewalt set -- power tool Dewalt set, which is six hundred dollars ($600) by itself, a tool box, some tape -- some duct tape, other different types of screwdrivers, wrenches, more wrenches and -- [.]

Trahan said that the tools were kept inside his truck and were there the night the truck was taken. Trahan testified that he purchased some tools recently because he needed them to make repairs, and his insurance did not cover the loss. He further testified that he arrived at the total of $1,552.73 by adding the figures on the various receipts he had presented. The receipts presented were for purchases on several different occasions. Trahan said that he bought what he needed first, and, when he realized he needed more, he purchased a "whole bunch." Trahan further testified, "[w]ell, I acquired all those tools over the years. I didn't realize what I had, until I needed it. I didn't make a list of everything." He continued, "I had to just buy what I thought at first and then come back." Trahan was then questioned as follows:

4

Q . . . But you don't actually know what it was that you were missing, because you don't have any documentation of the tools that were actually stolen?

A You know -- Yes, in a way I don't, but I do have that -- I know if I need it, which I had before, I go look for it and I don't have it, I knew I had it before.

Q But you could have bought something on this list that you didn't have before?

A If it is, it might be one (1) or two (2), but I really --

Q Might be one (1) or two (2). So there might be something on here that you didn't lose before?

A Could be, but I really doubt it. Because I had everything. I had a lot. Fifteen hundred is nothing.

Trahan then testified that his tools were old.

The Juvenile testified that he was fourteen years old and lived with his aunt. The Juvenile indicated that he did not have a job and had no money; however, he had cut grass for ten to fifteen dollars a yard when he needed money.

After hearing the testimony of Trahan and the Juvenile and the arguments of counsel, the trial court asked if the Juvenile's probation would be for a period of one year. The State answered affirmatively. The trial court then stated, "[t]hat reduces the amount of available funds." The trial court then inquired as to the date probation would be terminated and ordered the Juvenile to pay restitution of $750.00 at a rate of $75.00 per month. Defense counsel objected and asked that payment be suspended pending review of the trial court's ruling. The trial court denied the request.

The Juvenile contends that he was not charged with, and did not admit to, any offense by which Trahan was permanently deprived of any property. In support of this argument, the Juvenile cites La.Ch.Code art. 897(B)(2)(c), which provides:

5

B. As conditions of probation, if ordered pursuant to Subparagraph A(3) of this Article:

. . . .

(2) The court may impose any other term and condition deemed in the best interests of the child and the public, including:

. . . .

(c) A requirement that the child make reasonable restitution to any victim for any personal or property damage caused by the child in the commission of the delinquent act.

The Juvenile also cites La.Code Crim.P. art. 895.1(A)(1), which provides:

When a court places the defendant on probation, it shall, as a condition of probation, order the payment of restitution in cases where the victim or his family has suffered any direct loss of actual cash, any monetary loss pursuant to damage to or loss of property, or medical expense. The court shall order restitution in a reasonable sum not to exceed the actual pecuniary loss to the victim in an amount certain. However, any additional or other damages sought by the victim and available under the law shall be pursued in an action separate from the establishment of the restitution order as a civil money judgment provided for in Subparagraph (2) of this Paragraph. The restitution payment shall be made, in discretion of the court, either in a lump sum or in monthly installments based on the earning capacity and assets of the defendant.

The Juvenile argues that the trial court improperly applied the standard found in La.Code Crim.P. art. 895.1(A)(1). Additionally, he argues that the order of restitution was improper under the standards set forth in the criminal code and children's code, as there was no evidence that he was responsible for the theft of tools or that the tools were stolen.

The Juvenile cites the following from *State ex rel. K.J.*, 11-266, p. 12 (La.App. 4 Cir. 8/17/11), 71 So.3d 557, 564, in his brief to this court:

[I]n a criminal case where the evidence establishes the victim has suffered a direct loss of actual cash, monetary loss due to physical damage to or loss of property, and/or incurred medical expenses, the sentencing judge must order restitution in an amount not to exceed the actual loss sustained or medical expense incurred by the victim as established at trial. The court may further order payment of an additional amount to the victim for any quantifiable loss or

6

inconvenience (*i.e.* costs of rental car, cabs, medical equipment, etc.) suffered as a result of the criminal activity for which the defendant was convicted.

The Juvenile argues that *K.J.* shows that there must be evidence presented at a restitution hearing that the victim suffered a loss as a result of the crime for which he was convicted. The Juvenile argues that the victim presented a new allegation at the restitution hearing, claiming his truck had been burglarized. The Juvenile claims that he received no prior notice through arrest, charge, or documentation of the victim's claim.

The Juvenile notes that the only testimony presented was that of the victim. The Juvenile then argues there was no attempt to demonstrate the loss suffered was the result of the delinquent act charged in the petition.

In *State v. Boudreaux*, 98-1932 (La.App. 3 Cir. 6/16/99), 741 So.2d 860, the defendant was convicted of forgery. As a condition of probation, the trial court ordered the defendant to pay restitution in the amount of $33,946.90. On appeal, the defendant argued that the trial court erred in ordering restitution for the uncharged conduct of forgery by false making. The defendant explained that the bill of indictment charged her with forgery by altering checks and not forgery by false making. In support of this claim, the defendant cited this court's opinion affirming her conviction, in which this court stated the defendant was guilty of forgery by altering certain checks and not by false making. *See State v. Boudreaux*, 98-40 (La.App. 3 Cir. 6/3/98) (unpublished opinion).

The defendant then stated she was charged and convicted with altering only two checks; therefore, she should have been ordered to pay restitution on those two checks only. This court noted that the defendant seemed to distinguish between the unauthorized checks she wrote to herself (forgery by false making) and the canceled checks she altered to conceal the false making. Because the defendant

7

was not charged with false making, she argued that she should not have been ordered to pay restitution for damages caused by that conduct. This court addressed the issue, stating:

> Even though Defendant was not charged with the false making of the checks for which she actually received cash, she *was* charged with altering canceled checks in order to facilitate her forgery scheme. As noted by this court's original opinion, "La.Code Crim.P. art. 895 grants the trial judge authority to impose as a specific condition of probation payment of a 'reasonable ... restitution to the aggrieved party for damage or loss *caused by his offense . . .*' (Emphasis added)." *Id.* at p. 5, n. 2, Citing *State v. Alleman*, 439 So.2d 418 (La.1983); *State v. Labure*, 427 So.2d 855 (La.1983). Because the offense committed by Defendant facilitated the forgery scheme by which she caused $33,496.90 worth of loss to the victim, the damage suffered by the victim was caused by the offense committed by Defendant. Thus, the trial court was correct in ordering restitution in the amount of $33,496.90.

*Id.* at 862.

In *State v. Metlin*, 467 So.2d 876 (La.App. 3 Cir. 1985), the defendant pled guilty to three counts of illegal possession of stolen things valued under $100.00 and was ordered to make restitution of $8,037.50 to the owners of the stolen things he received. This court found that the trial court did not abuse its discretion in ordering the defendant to make restitution. This court noted that the victims suffered a loss caused by the defendant's offense of receiving stolen things, to which the defendant pled guilty in misdemeanor amounts. The court found that this condition of the defendant's probation was permitted under the provisions of La.Code Crim.P. art. 895(A)(7) and was reasonably related to his rehabilitation.

In *State v. Portie*, 08-1580 (La.App. 4 Cir. 9/16/09), 22 So.3d 213, the defendant was charged with theft of property having a value over $500.00. A jury found him guilty of attempted theft of property valued over $500.00. As part of his sentence, the defendant was ordered to pay restitution in the amount of $38,553.91. On appeal, the defendant argued that a sentence requiring payment of restitution

8

for stolen property could only be justified upon a conviction for the actual crime of theft. The fourth circuit noted that the trial court, at the time restitution was imposed, stated it was perplexed and had no idea why the jury made the decision to find the defendant guilty of the lesser included offense of attempted theft. The fourth circuit then cited La.R.S. 14:27(C), which states that a defendant may be convicted of an attempt to commit a crime although it appears at trial that the crime intended or attempted was actually perpetrated in pursuance of the attempt. The fourth circuit then found the trial court acted within its discretion when ordering the defendant to pay full restitution to the victim.

In *State v. Moore*, 614 So.2d 145 (La.App. 3 Cir. 1993), the defendant pled guilty to ten counts of misdemeanor theft and five counts of simple burglary. This court noted that restitution may have been ordered on counts to which the defendant did not enter pleas of guilty. This court found that a factual basis was stated for the record showing the defendant's participation in the crimes involving each of the victims to whom restitution was ordered; likewise, the defendant's possession of the various stolen things was not disputed. This court found that restitution as part of defendant's probation was permitted under the provisions of La.Code Crim.P. Art. 895(A)(7) and was reasonably related to his rehabilitation.

Based on the cases cited above, we find that the trial court properly ordered restitution, as simple logic and deduction demands a conclusion that the loss suffered by Trahan was caused by the offense committed by the Juvenile. Further, this court finds that the trial court's order is reasonably related to the Juvenile's rehabilitation.

## ASSIGNMENT OF ERROR NUMBER TWO

In his second assignment of error, the Juvenile contends that the district court erred in ordering him to pay restitution in the amount of $750.00 at a rate of

$75.00 per month, and this amount is an unreasonable burden to place on an indigent fourteen-year-old juvenile. We disagree.

With regard to the value of the tools, this court and the court below are persuaded with the evidence and the testimony offered by Trahan. To require more from Trahan than what he provided would be to victimize him twice.

Considering the amount of restitution ordered, the juvenile directs us to *State ex rel. B.A.*, 12-659 (La.App. 3 Cir. 12/19/12), 104 So.3d 833, but his reliance on this case is misplaced. There, we found that the ordered amount of restitution exceeded the pecuniary loss. That is not the case here. Rather, we find that the trial court had evidence allowing it to find that the actual loss was more than twice the ordered amount of restitution.

The Juvenile further argues that mowing approximately five yards per month is too extreme a punishment. The Juvenile suggests to this court that he is unable to find any rehabilitative purpose in the trial court's order. Again, we disagree. We find that requiring a juvenile to account for a portion of the reasonable and direct consequences of his crime is an acceptable form of rehabilitation.

While we concede that the trial court's order could have been done with more precision (such as considering the lack of yards to mow in the winter), overall we find that it did an excellent job of "balanc[ing] the needs of the child with the best interest of society." *State ex rel. Garner*, 484 So.2d 149, 154 (La.App. 3 Cir. 1986), citing *State ex rel. Ray*, 432 So.2d 312 (La.App. 5 Cir. 1983). Further, we recognize that much discretion is granted to the trial court because of the special nature of the juvenile proceeding. *Garner*, 484 So.2d 149. Particularly, we have found that "[a]lthough many of the amounts assessed by the trial court are replacement values, it was within the trial court's discretion to choose an appropriate amount." *State v. Johnson*, 04-1266, p. 22 (La.App. 3 Cir.

10

2/2/05), 893 So.2d 945, 959. The trial court clearly acted within its discretion. Therefore, the assignment of error lacks merit.

The judgment of the trial court is affirmed as amended with the following instructions:

1. The trial court is ordered to inform the Juvenile of the provisions of La.Code Crim.P. art. 930.8 by sending appropriate written notice to him within ten (10) days of the rendition of this opinion and to file written proof in the record that the Juvenile received the notice.

2. We amend the probation order to accurately reflect the transcript of the adjudication hearing indicating that the Juvenile was adjudicated for the offense of unauthorized use of a movable, a violation of La.R.S. 14:68.

**AFFIRMED AS AMENDED WITH INSTRUCTIONS**.