611 So.2d 191 (1992)
STATE of Louisiana
v.
Maria PETERS.
No. 92-KA-496.
Court of Appeal of Louisiana, Fifth Circuit.
December 16, 1992.
John M. Mamoulides, Dist. Atty. Dorothy A. Pendergast, Asst. Dist. Atty. Gretna, for plaintiff/appellee.
George O'Dowd, New Orleans, for defendant/appellant.
Before KLIEBERT, C.J., and WICKER and GOTHARD, JJ.
WICKER, Judge.
The defendant, Maria Peters, was charged by bill of information with theft valued at over $5,000.00. She subsequently entered a plea of guilty to the amended change of theft valued between $100.00 and $500.00. She was sentenced to imprisonment at hard labor for two years. The execution of the sentence was suspended and Peters was placed on active probation for two years. The trial judge imposed the special condition, inter alia, that she make restitution to the victim in an amount set by the court after investigation by the probation department.
The probation department filed a rule to revoke probation because major discrepancies *192 were found in the amount of restitution owed as between the victim and defendant. The probation department sought a hearing to determine the actual amount of restitution due. The court conducted a restitution hearing. After listening to the testimony of the victim and the probation officer, the trial judge set restitution in the amount of $102,000.00, to be paid prior to September 21, 1993. The defendant now appeals the amount of restitution. Since the amount of restitution set at the subsequent hearing was set in connection with the previously imposed sentence we consider this an appeal from a judgment which imposes sentence. La.C.Cr.P. art. 912 C(1).
We affirm the conviction but remand for resentencing.
The defendant only assigns the following error:
That under the facts and the law of this case the court should and of right could only order restitution in the amount of $500.00 being the maximum amount to which defendant pled.
The defendant now argues the court should only order restitution in the amount of $500.00, being the maximum amount to which she pled. She further asserts that if the victim seeks any further restitution, it should be pursued in civil litigation because "the criminal court is not a vehicle to collect alleged civil debt."
When the court places a defendant on probation, it may impose any specific condition of probation reasonably related to his or her rehabilitation, including a requirement that he make "reasonable reparation or restitution to the aggrieved party for damage or loss caused by his offense in an amount to be determined by the court." La.C.Cr.P. art. 895 A(7). State v. Alleman, 439 So.2d 418 (La.1983). In addition, La.C.Cr.P. art. 895.1 further provides:
A. When a court places the defendant on probation, it shall, as a condition of probation, order the payment of restitution in cases where the victim or his family has suffered any monetary loss or medical expense. The court shall order restitution in a reasonable sum not to exceed the actual pecuniary loss to the victim. The payment shall be made, in the discretion of the court, either in a lump sum or in monthly installments based on the earning capacity and assets of the defendant.
B. When a court suspends the imposition or the execution of a sentence and places the defendant on probation, it may in its discretion, order placed, as a condition of probation, an amount of money to be paid by the defendant to any or all of the following:
* * * * * *
(5) To the victim to compensate him for his loss and inconvenience. Such an amount may be in addition to any amounts ordered to be paid by the defendant under Paragraph A herein.
In ordering restitution the trial judge has discretion and his decision will not be disturbed absent an abuse of this discretion. State v. Metlin, 467 So.2d 876 (La.App. 3rd Cir.1985).
In her original brief, defendant relied on State v. Bryan, 535 So.2d 815 (La.App. 2nd Cir.1988) to support her argument that the count should have ordered restitution in the amount of $500.00, that being the maximum amount to which defendant pled; however, that case is distinguishable. In Bryan, defendant pled nolo contendere to one court of theft over $500.00 which tracked 20 of the 21 counts in the amended bill. The 20 counts totaled over $58,000.00. Defendant was sentenced to five years at hard labor, suspended upon payment of a $2,500.00 fine and costs, and was placed on supervised probation for four years, conditioned in part on his paying $74,487.52 in restitution to the victims. This amount, payable over 42 months, included $44,487.52 as the value of the property taken and $30,000.00 for inconvenience, humiliation, embarrassment and grief. The appellate court deleted the trial court's order of restitution for nonpecuniary damage in the amount of $30,000.00 because it was too speculative to be upheld under the plea agreement.
As can be seem by the foregoing discussion, the Bryan case involved as part of *193 restitution $30,000.00 for nonpecuniary loss. We note that some of defendant's conduct in Bryan occurred at a time when the court did not have authority to order restitution for nonpecuniary losses. See State v. Bryan, supra at pp. 819-820. In the instant case, the amount of restitution set was for the actual monetary loss the victim claimed he suffered.
In viewing the language of La. C.Cr.P. art. 895.1, it is apparent a trial judge has authority to order restitution "in a reasonable sum not to exceed the actual pecuniary loss to the victim," even though that sum may be more than the amount to which defendant pled. Accordingly, this assignment lacks merit.
We have conducted an error patent review. We note that the statutory authorization for the ordering of restitution as a condition of a probation requires the amount thereof to be determined by the court. La.C.Cr.P. art. 895(A)(7) and art. 895.1(A). State v. Toups, 499 So.2d 1149 (La.App. 5th Cir.1986), writ denied, 501 So.2d 772 (La.1987). In State v. Galloway, 551 So.2d 701 (La.App. 1st Cir.1989), the court, in imposing sentence on defendant convicted of second degree battery, required as a condition of probation that defendant pay "all of the medical bills incurred by Mr. and Mrs. Blackwell on that evening." On appeal, the court found that the sentence as imposed was defective for failure to state the specific amount to be paid in restitution.
After the judge in the present case fixed restitution at $102,000.00, he stated:
If some satisfactory arrangement has not been made with the probation department to pay an amount that they think is sufficient under the circumstances, then that gives them a thirty day period to bring a rule to revoke the probation, and impose the original sentence.
By setting it that way, Ms. Peters I want you to understand that I expect you to pay every penny that's within your ability to pay during the period of your probation.
Even though the judge set restitution at $102,000.00, the transcript seems clear that there is no intention that defendant actually pay back that amount. The court does not set a determinate amount for defendant to pay back every month, but rather leaves it to the probation department to determine if a sufficient amount has been paid under the circumstances. The sentence as imposed is insufficient to fulfill the statutory requirement that the court set the amount of restitution. State v. Hardy, 432 So.2d 865 (La.1983). Based on the foregoing discussion, the conviction is affirmed but the sentence is vacated and the matter is remanded for resentencing to afford the court the opportunity to consider the earning capacity and assets of defendant and to also afford the court the opportunity to set a more determinate amount of restitution. See La.C.Cr.P. art. 895.1 A.
CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED FOR RESENTENCING.