ROBERT M. MURPHY, Judge.
|gThe State of Louisiana appeals defendant’s sentence for theft of property having a value of $500 or more, a violation of La. R.S. 14:67. For the reasons that follow, we affirm in part, vacate defendant’s sentence in part, and remand the matter for re-sentencing.
STATEMENT OF THE CASE
On May 18, 2005, the Jefferson Parish District Attorney’s Office filed a bill of information charging defendant, Jon Faz-ende, with theft of over $1,000.00 belonging to Jack’s Beverages, a violation of La. R.S. 14:67. On October 25, 2013, defendant was found guilty as charged following a jury trial. Defendant was originally sentenced to one year at hard labor, deferred, and inactive probation for a one-year period. Defendant was not ordered to pay restitution. After the trial court denied the State’s motion to correct illegal sentence, the State sought writs, |awhich this Court granted upon finding that the trial court had failed to impose a statutorily mandated active probation upon defendant. 14-KH-533 (La.App. 5 Cir. 8/20/14) (unpublished writ disposition). On November 13, 2014, after remand, the trial court ordered defendant’s probation to be active, but denied the State’s motion to correct illegal sentence pertaining to restitution. This timely State’s appeal follows.
FACTS
Defendant, Jon Fazende, was found guilty by a jury of stealing over $500.00 (Five Hundred Dollars) from Jack’s Beverages No. 12.(“Jacks”) convenience store by using her role as a bookkeeper to systematically falsify bank and financial statements from January 2003 through May 2004.’[1]
On June 26, 2014, prior to sentencing, the State proceeded with a restitution hearing during which Mr. Stephen Orkus[2], *692 former CPA for Jack’s Beverages No. 12, and Jack’s co-owner, Mary Chawla[3], testified regarding the monetary loss to Jack’s due to defendant’s acts of théft in 2003 and 2004. On that same date, at the time of sentencing, the trial court stated:
THE COURT:
[[Image here]]
And as far as restitution is concerned, I think the corporation has been satisfied through the income taxes and the under reporting of the sales. But I’m not going to order any restitution. I don’t think it’s warranted in this case.
|4The State challenged the court’s ruling on restitution in a motion to correct illegal sentence. On November 13, 2014, following a hearing on the State’s motion, the trial court once again declined to make restitution a part of defendant’s sentence.
THE COURT:
[[Image here]]
And with regard to restitution, I don’t believe that the victim was out of anything, so I’m not going to award restitution, but it should be awarded at a later date.
I order that it be converted to a money judgment.
ASSIGNMENT OF ERROR
The trial court erred in failing to make restitution a part of probation, as required by La. C.Cr.P. art. 895.1(A)(1), because the victims in this case suffered monetary damages.
DISCUSSION
In its sole assignment of error, the State contends that the trial court erred in failing to require that defendant pay restitution in this case, when monetary damages to the victims was clearly established. We agree. La. C.Cr.P. art. 895.1 provides, in relevant part:
(1) When a court places the defendant on probation, it shall, as a condition of probation, order the payment of restitution in cases where the victim or his family has suffered any direct loss of actual cash, any monetary loss pursuant to damage to or loss of property, or medical expense. The court shall order restitution in a reasonable sum not to exceed the actual pecuniary loss to the victim in an amount certain.
Following this Court’s order on remand, the trial court placed defendant on active probation, thereby triggering the mandatory restitution provision of La. C.Cr.P. art. 895.1. Evidence in the record demonstrates that the victims of defendant’s crime did, in fact, suffer a direct monetary loss for which they had not |sbeen made whole at the time of sentencing. Therefore, we find that the trial court erred in failing to order restitution as a part of defendant’s probation.[4]
This Court has previously remanded matters to the trial court for calculation and imposition of restitution. Accordingly, we vacate defendant’s sentence, in part, and remand the matter for re-sentencing to afford the court the opportunity to consider the earning capacity and assets of defendant to set a determinate amount of restitution and the manner in which it will be paid in accordance with La. C.Cr.P. art. *693 895.1(A).[5] Pursuant to La. C.Cr.P. art. 881.4(A), which permits this Court to “give direction to the trial court concerning the proper sentence to impose,” we would note that the evidence in the record concerning the amount stolen from the victims totaled $144, 121.26. We are of the opinion that no reduction in restitution should be considered on the basis of federal tax laws.

CONCLUSION

For the foregoing reasons, we vacate the portion of defendant’s sentence pertaining to restitution. Defendant’s sentence to one year at hard labor, deferred, and active probation is affirmed. We remand the matter for re-sentencing in accordance with this opinion.

SENTENCE VACATED IN PART; AFFIRMED IN PART; CASE REMANDED FOR RESENTENCING.

. Defendant has not challenged her conviction on appeal.

. Mr. Orkus' testimony pertained to the tax consequences of the embezzled funds on the 2003 and 2004 tax returns for Jack’s.

. Maty Chawla testified that by her calculations, defendant stole over $144,121.36 from Jack's over the years 2003 and 2004.

. We note that the trial court made reference to the conversion of restitution into a civil money judgment; however, no such order, as required by La. C.Cr.P. art. 895.1(2)(A), appears in the record.

. See State v. Echeverria, 03-898, pp. 11-13 (La.App. 5 Cir. 11/25/03), 862 So.2d 163, 169-70; State v. Alexander, 91-1199, pp. 11-12 (La.App. 5 Cir. 9/29/98), 720 So.2d 82, 88, writ denied, 98-3109 (La.4/9/99), 740 So.2d 628; State v. Peters, 611 So.2d 191, 191-93 (La.App. 5 Cir.1992).