STATE OF LOUISIANA                                    NO. 24-KA-505

VERSUS

TERONE R. THOMAS                                     FIFTH CIRCUIT

                                                     COURT OF APPEAL

                                                     STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 19-4399, DIVISION "P"
HONORABLE LEE V. FAULKNER, JR., JUDGE PRESIDING


November 20, 2024


**JUDE G. GRAVOIS**
**JUDGE**


Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and Scott U. Schlegel


**APPEAL DISMISSED WITHOUT PREJUDICE; RESTITUTION
VACATED; REMANDED**
    **JGG**
    **FHW**
    **SUS**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

**GRAVOIS, J.**

Defendant, Terone R. Thomas, comes before this Court in a second appeal following a conviction for simple arson. For the reasons that follow, we dismiss the appeal without prejudice, vacate the order of restitution, and remand for further proceedings.

**PROCEDURAL HISTORY**

On September 19, 2019, the Jefferson Parish District Attorney filed a bill of information charging defendant with two counts of aggravated arson, in violation of La. R.S. 14:51, against Debra Lindsey (count one), and a six-year-old female (count two).[1] Defendant entered a plea of not guilty. On April 25, 2022, count two of the bill was *nolle prossed*. On the same date, the State amended count one to read: "... located at 2032/2034 James Drive in Marrero, LA belonging to another with damage amounting to $500 or more where it was foreseeable that human life might be endangered." On May 6, 2022, defendant was convicted of the responsive verdict of simple arson with the damage amounting to five hundred dollars, or more, in violation of La. R.S. 14:52. On November 9, 2022, defendant was sentenced to five years imprisonment at hard labor, with credit for time served, and ordered to pay $4,500 in restitution.

On appeal, this Court affirmed defendant's conviction, but finding that the record did "not contain sufficient evidence to support the amount of restitution ordered[,]" vacated his sentence and remanded the matter "to the trial court for a restitution hearing to allow the parties to present evidence concerning the amount

---

[1] As to count one, the bill of information provides that defendant:

> violated La. R.S. 14:51 in that he did commit aggravated arson of a residential duplex, located at 2032 and 2034 James Drive in Marrero, LA belonging to Debra Lindsey … .

As to count two, the bill of information provides that defendant:

> violated La. R.S. 14:51 in that he did commit aggravated arson of a residential duplex, located at 2032 and 2034 James Drive in Marrero, LA belonging to a six-year-old, black female, known to the State of Louisiana … .

of restitution owed and resentencing." *State v. Thomas*, 23-234 (La. App. 5 Cir. 12/27/23), 379 So.3d 182, 196.

Upon remand, on January 31, 2024, defendant appeared before the trial court for a "5ᵗʰ Circuit Remand-Resentencing and Restitution Hearing." The matter was continued to February 21, 2024. On February 21, 2024, a "restitution hearing" was held, and defendant was ordered to pay $3,000 in restitution to the victim. On the same date, defendant filed a motion for appeal. A July 24, 2024 minute entry notes that a "Resentencing, Restitution, and Ability to Pay hearing" was set for September 18, 2024. On September 18, 2024, the trial court held an "ability to pay hearing" and found that defendant did not have the ability to pay. On September 23, 2024, the trial court granted defendant's motion for appeal.

## ANALYSIS

Defendant's sentence was vacated by this Court in his original appeal. The matter was remanded for a restitution hearing to allow the parties to present evidence concerning the amount of restitution owed *and* resentencing. A review of the record before us reveals that, although a restitution hearing occurred and an amount of restitution was set, defendant was never resentenced.

Louisiana Code of Criminal Procedure Article 883.2(A) provides that "[i]n all cases in which the court finds an actual pecuniary loss to a victim, or in any case where the court finds that costs have been incurred by the victim in connection with a criminal prosecution, the trial court shall order the defendant to provide restitution to the victim *as a part of any sentence that the court shall impose.*" (Emphasis added.)

Pursuant to La. C.Cr.P. art. 912(C)(1), a defendant can appeal from a final judgment of conviction only where a sentence has been imposed. In *State v. Peters*, 611 So.2d 191 (La. App. 5 Cir. 1992), the trial court sentenced the defendant to imprisonment at hard labor for two years, suspended the execution of

her sentence, placed the defendant on active probation, and set restitution in the amount of $102,000.00 following a restitution hearing. The defendant appealed the amount of restitution. On appeal, this Court found that it had appellate jurisdiction stating, "[s]ince the amount of restitution set at the subsequent hearing was set *in connection with the previously imposed sentence* we consider this an appeal from a judgment which imposes sentence. La. C.Cr.P. art. 912 C(1)." *Id.* at 192. (Emphasis added by this Court.)

Upon review, we find *Peters* distinguishable from the present case. Unlike *Peters*, in the present case, defendant was never resentenced and he currently has no sentence at hard labor in effect. The restitution was not set in connection with or as part of a sentence. Therefore, because defendant was never resentenced, we lack appellate jurisdiction and are therefore constrained at this time to dismiss defendant's appeal without prejudice. Accordingly, we vacate the restitution ordered and remand this matter for further proceedings (*i.e.*, for resentencing in compliance with this Court's original directive in its December 27, 2023 opinion and reimposition of the restitution). Defendant's right to appeal his resentence, including the amount of restitution, is reserved.[2]

### DECREE

For the foregoing reasons, we dismiss the present appeal without prejudice and remand for further proceedings as set forth above.

**APPEAL DISMISSED WITHOUT PREJUDICE; RESTITUTION VACATED; REMANDED**

---

[2] In his motion for appeal in the present case, defendant states he is appealing his conviction for simple arson. Because this Court previously affirmed defendant's conviction in his original appeal, he will henceforth only be able to appeal his resentencing.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **NOVEMBER 20, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

CURTIS B. PURSELL
CLERK OF COURT

## 24-KA-505

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HON. LEE V. FAULKNER, JR. (DISTRICT JUDGE)
LIEU T. VO CLARK (APPELLANT)          JULIET L. CLARK (APPELLEE)          THOMAS J. BUTLER (APPELLEE)

**MAILED**
NO ATTORNEYS WERE MAILED